# Shaw et al. v. Farmers' Bank & Trust Company.

(Decided October 3, 1930.)

J. B. PAXTON, J. S. OWSLEY and W. H. W. REYNOLDS for appellants.

K. S. ALCORN and J. SMITH BARLOW for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellee Farmers' Bank & Trust Company obtained a judgment in the Nelson circuit court against G. W. Durham and appellee Thomas J. Smith for the sum of $5,-333.34 in March, 1922.

Smith had sold a tract of land in Nelson county to Durham, and for a part of the purchase price Durham

had executed notes to Smith, secured by a lien on the land. Smith had assigned these notes to the Farmers' Bank & Trust Company, and it was to enforce the lien held by it that the judgment above referred to was obtained. The Nelson county land sold for a sum insufficient to pay the judgment and execution from the Nelson circuit court was levied on a tract of land owned by Durham located in Lincoln county, and notice. of the issual and levy of the execution, as required by section 2358a-2 of the Kentucky Statutes, was lodged in the Lincoln county clerk's office on March 30, 1922.

On December 19, 1922, Durham sold at public auction his Lincoln county farm and appellant Josie V. Burdine became the purchaser. It was publicly announced at the sale that the farm was free of incumbrances, save a mortgage on it for $4,000 to the Union Central Life Insurance Company, the payment of which was to be assumed by the purchaser. At the conclusion of the sale Josie V. Burdine complied with its terms by paying 10 per cent of the purchase price and executing notes secured by a lien on the land, inferior to the lien of the insurance company, for the balance of the purchase price in excess of the mortgage. The appellant, E. V. Fee, subsequently purchased the farm from Josie V. Burdine and assumed the payment of the mortgage to the insurance company and the notes which had been executed by Burdine to Durham.

After the sale, Durham was adjudged bankrupt, and appellant John D. Shaw purchased from the trustee in bankruptcy the Burdine notes before their maturity. Appellee Thomas J. Smith was present on December 19, 1922, when the Lincoln county farm was sold to Josie V. Burdine. On December 22, 1924, Thomas J. Smith satisfied the judgment that had been obtained against him and G. W. Durham in the Lincoln circuit court by the Farmers' Bank & Trust Company, and the bank assigned it to him. On December 24, 1924, this action was filed in the Lincoln circuit. court by the bank and Smith, for the use and benefit of Smith, to enforce the execution lien acquired by reason of the levy of the execution in March, 1922, on the tract of land in Lincoln county belonging to Durham and which had thereafter been purchased by appellant Josie V. Burdine. Appellants Josie V. Burdine, E. V. Fee, and John D. Shaw were made defendants, as was also the Union Central Life Insurance Com-

pany, which held a mortgage lien upon the land superior to the execution lien of the plaintiffs.

The appellants, Burdine, Fee and Shaw, filed separate answers in which they attempted to plead an estoppel as against Smith. They alleged, in substance, that after the levy of the execution in March, 1922, the land was sold at public outcry by G. W. Durham after the sale had been advertised by handbills and in the newspapers, and that immediately before and at the place of sale it was publicly announced that there were no liens or incumbrances of any kind on the land, except the mortgage lien of the Union Central Life Insurance Company, the payment of which the purchaser would be required to assume; that Josie V. Burdine was present at the sale and heard this announcement and believed that it was true; that Thomas J. Smith, for whose benefit the execution was levied, was present at the time the land was purchased by Josie V. Burdine and heard the public announcement made that there were no liens or incumbrances of any kind on the land, save the mortgage to the Union Central Life Insurance Company and that, notwithstanding that announcement, he remained silent and said nothing about his lien on the land.

Appellee, Smith, filed replies to the several answers in which he stated that he was not at the time of the sale at which he was present the owner of the judgment set up in the petition or the owner of the execution lien, and that he did not become the owner thereof until December 22, 1924, when it was assigned to him by his coplaintiff, the Farmers' Bank & Trust Company. He denied that he had knowledge or information sufficient to form a belief as to whether or not at the time and place of the sale it was announced that there were no liens or incumbrances of any kind on the land, except the mortgage lien of the Union Central Life Insurance Company and he denied that he heard such alleged announcement.

The land was sold under a judgment of the Lincoln circuit court to satisfy the liens thereon, and, after the payment of the debt owing to the Union Central Life Insurance Company, which was secured by a lien concededly superior to the other liens, the sum of $698.12 remained. The lower court adjudged that appellees' execution lien was superior to the lien to secure the notes executed by appellant Burdine, which had been assigned to appellant Shaw, and junior only to the mortgage lien of the insurance company, and directed the payment to

Smith of the proceeds remaining after satisfying the debt of the insurance company.

The appellants insist that the pleadings and proof present a clear case of estoppel, and that the court erred in adjudging Smith a lien on the land by virtue of the execution levied thereon in March, 1922. As to whether or not the allegations of the separate answers of the appellants were sufficient to present a case of estoppel we need not inquire, since we have concluded the proof was insufficient to establish an estoppel as to appellee Smith. Appellants took the depositons of Josie V. Burdine, G. W. Durham, and John D. Shaw. Josie V. Burdine testified that she heard Durham and the auctioneer announce at the sale that the mortgage to the insurance company was the only incumbrance on the land. Durham testified that both he and the auctioneer made such an announcement, and Shaw testified that he heard the announcement and that Smith at the time it was made was standing 7 or 8 feet from him. Smith testified that he attended the sale at the invitation of Durham for the purpose of becoming a bidder if the farm suited him; that before the sale he walked over the land and concluded that he did not want it; that he had no further interest in the sale and did not hear the announcement appellants claim was made relative to the encumbrance on the land. He further testified that he did not know at that time that the Farmers' Bank & Trust Company had an execution lien on the land to secure a judgment debt on which he was a guarantor.

Appellants rely upon Pool v. Stephenson, 146 Ky. 784, 143 S. W. 419, but in that case Elizabeth B. Stephenson, against whom the estoppel was pleaded, not only was silent when it was her duty to speak, but participated in the sale by acts which were calculated to induce the purchaser to believe she had no claim against the property. In Grace v. Mercer, 10 B. Mon., 157, cited in Pool v. Stephenson, supra, it was held, in substance, that a mortgagee who consents to a sale of mortgaged property or who stands by and sees it levied upon without asserting his claim will be precluded from asserting his title against the purchaser thereof. But the proof here is not sufficient to bring this case within that rule. The burden of proof was upon the appellants to show that Smith, with knowledge of his lien, remained silent under circumstances that required him to speak. Assuming for the purposes of this opinion that it would have been

506

Smith's duty to speak, had he heard the alleged announcement as to the incumbrances on the land, appellants failed to prove that he did hear the announcement, but only proved that he was at a place where he could have heard it. Smith says that he was not interested in the sale and did not hear the announcement. If Smith's testimony is true, he made no representations either by words, acts, or silence which could have induced the purchaser to act. Silence, to work an estoppel, must amount to bad faith, and this can not be inferred from facts of which the person sought to be estopped has no knowledge.

Where the mind is left in such doubt that it cannot be said with reasonable certainty that the chancellor has erred, his judgment, under familiar law, will not be disturbed. The facts disclosed by the record make this a proper case for the application of that rule.

Judgment affirmed.