## St. Clair v. Bardstown Transfer Line, Inc.

A. Scott Hamilton for appellant.

Robert P. Hobson and Woodward, Hobson & Fulton for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On October 5, 1946, Samuel St. Clair was killed by a collision with a truck on Market Street between 10th and 11th Streets in the city of Louisville. On February 4, 1948, appellant, Lillian St. Clair, widow of the deceased, was appointed administratrix of his estate after which, on February 17, 1948, she filed this action against appellee, Bardstown Transfer Line, Inc., seeking to recover judgment against it in the sum of $25,000, and in her petition she alleged that the employee (not naming him) of appellee who was driving the truck at the time was guilty of negligence in its operation, but for which the collision would not have happened.

Defendant answered admitting the collision and the consequent death of plaintiff's decedent, but it denied that his death was produced by any negligence of its

servant operating its truck. It then alleged contributory negligence on the part of the deceased, but for which the collision would not have occurred. In another paragraph it pleaded the statute of one year limitation in bar of the action, which was shown by the petition on its face, the action being filed 1 year, 4 months and 12 days after the death of appellant's decedent.

Plaintiff in her reply sought to avoid the plea of limitations under the provisions of subsection (2) of section 413.190, KRS, which says:

"(2) When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced. But this saving shall not prevent the limitation from operating in favor of any other person not so acting, whether he is a necessary party to the action or not."

In her reply in alleging that avoidance she stated that "the defendant, through its agents, servants and employees, obstructed the prosecution of this action in that the defendant's agent, who was operating the said truck at the time it ran over and killed the plaintiff's intestate, failed to stop the said vehicle at the scene of the accident, but to the contrary fled therefrom and failed to report the accident and concealed the identity of the owner of the said truck and the operator thereof," and "that by reason of the foregoing she did not have sufficient information upon which to base a claim against the defendant for the death of her decedent until after the expiration of the period of limitations."

Defendant demurred to plaintiff's attempted avoidance of the running of the statute of limitations against her right of recovery, which the court sustained, and upon plaintiff declining to plead further her petition was dismissed, from which judgment she prosecutes this appeal.

For convenience we will refer to the quoted subsection as the *tolling* statute, and to paragraph (a) of sub-

section (1) of 413.140, KRS, as the *limitation* statute for this character of action, which is one year from the time of the injury, including death.

The sole question involved in the case, and to which counsel for both sides address themselves, is the sufficiency of plaintiff's reply in avoidance of the statute of limitations as prescribed in the tolling statute. We have held in a number of cases that where the defendant conceals plaintiff's cause of action in such a way as that it could not be discovered by the exercise of ordinary diligence on the latter's part that the right of action did not accrue until such discovery was made and which cases particularly involve trespasses of miners of mineral upon adjoining owners and taking mineral from under the latter's surface. See Falls Branch Coal Co. v. Proctor Coal Co., 203 Ky. 307, 262 S. W. 300, 37 A. L. R. 853; 34 Am. Jur. 106, sec. 130. Such trespasses are so completely hidden from the plaintiff that his cause of action does not accrue until he becomes informed of them. In those cases there was no statute requiring the trespasser to give notice to any public agency or any person, including the one trespassed upon. In this case, however, we do have the statute infra requiring such a notice to be given to a public agency, which at this time is the Kentucky State Police. It was evidently purposed by its enactment to provide the means whereby one injured or otherwise damaged by an automobile collision on the highway may be given the opportunity to seek compensation to the extent of the damage suffered.

Plaintiff in this case could not obtain from the Kentucky State Police the facts required by the notice, since it was not given, or to become informed in any way who was guilty of striking and killing her husband on a public street in the city of Louisville. The question therefore is, did she in the paragraph or her reply pleading the tolling statute properly bring herself within its provisions? We have concluded that she did.

As shown above, she alleged that the agent who was operating the defendant's car failed to stop after colliding with her husband and killing him, but on the contrary he fled and failed to make the report required by section 189.580, KRS. She then stated, as above shown, that because of such failures and the concealment

by the driver of the colliding automobile "she did not have sufficient information upon which to base a claim against the defendant for the death of her decedent *until after the expiration of the period of limitations.*" (Our emphasis.)

One of the main arguments made by appellee's counsel to sustain the judgment of the court is that plaintiff in her reply invoking the benefit of the tolling statute did not state specifically *when* she discovered the name of the owner or the name of the operator of the defendant's colliding motor vehicle, but we think that the emphasized language supra from plaintiff's reply in both effect and substance did by clear implication make that allegation by pleading that she did not make the necessary discovery "until after the expiration of the period of limitations," which is one year from the date of the collision. If her action did not accrue, as pointed out above, until she made that discovery she then filed it four months and twelve days thereafter.

Under the circumstances it ill becomes the right of defendant to defeat such an action by pleading limitations when it failed to comply with the statute furnishing an opportunity for notice in such cases, or to insist that it then became the duty of the plaintiff to make a search of possibly the entire Nation to ascertain who, if any one, was negligent in colliding with and killing her husband upon the public streets of Louisville. In the circumstances defendant should not be allowed to superimpose upon plaintiff in an action like this one the labor and efforts to discover the concealed fact of his (or its) identity when it is his statutory and primary duty to furnish that information as directed by the statute imposing it.

Therefore, we conclude that the statutory requirement for notice, 189.580, KRS, dispenses with any other efforts on the part of plaintiff to make the necessary discovery as to who was responsible for negligently producing his death. However, if she did acquire that knowledge before the expiration of the limitation statute then her action accrued and she must file it within one year thereafter. She possessed no clew with which to begin such additional search. Defendant admits that no notice as required by the statute, supra, was filed and that its

motor vehicle was the one engaged in the collision. Under the circumstances it might be admitted that the avoidance plea of the statute of limitation contained in plaintiff's reply might have been stated more specifically than was done, but the language employed was undoubtedly sufficient to entitle her to the benefit of it.

We conclude, therefore, that the court erred in sustaining the demurrer to it and for which reason the judgment is reversed with directions to set it aside and overrule the demurrer to that paragraph of plaintiff's reply, and for proceedings consistent with this opinion.