**WALTER BLEDSOE & COMPANY,**
Appellant,

v.

**ELKHORN LAND COMPANY,**
Appellee.

No. 12235.

United States Court of Appeals,
Sixth Circuit.

March 1, 1955.

** Now 18 U.S.C.A. § 3231.

Henry J. Scott, Pikeville, Ky. (Hobson & Scott, Pikeville, Ky., Gambill, Dudley, Cox, Phillips & Gambill, by Benjamin G. Cox, Terre Haute, Ind., on the brief), for appellant.

William P. Sidebottom, Covington, Ky., for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellee, Elkhorn Land Company, sought by this action to recover unpaid royalties and rentals under a mining lease executed by it on a 133-acre tract of land, owned by it in Pike County, Kentucky.

Appellee on June 17, 1918, executed to the Elkhorn & Shelby Creek Coal Company the lease herein involved, which had no fixed term of years, but provided that the lessee should pay, during the continuance of the lease, royalties of ten cents for each ton of 2,240 pounds of coal mined from the premises, with a minimum royalty of $200 (later reduced to $100) per month.

The lease, after successive assignments to various lessees, was ultimately assigned to the Esco Company, an Ohio Corporation, which by sub-lease of January 15, 1937 leased to Utilities Elkhorn Coal Company, a Delaware corporation, its interest therein, together with other leases held by it. The Esco Company, thereafter by deed of April 1, 1938, transferred to the appellant, Walter Bledsoe & Company, its interest in the

various leases, including the lease of June 17, 1918, which had heretofore been leased to Utilities Elkhorn Coal Company. However, the appellant did not file this deed for record in Pike County, Kentucky.

No coal was mined from the property covered by the lease of June 17, 1918 from December 1936 until November 1946, when Utilities Elkhorn Coal Company entered the property from workings on neighboring property and began mining, which it continued to do until March 1950.

Payments of royalties were made to appellee from time to time prior to 1931 which amounted in the aggregate to more than the minimum royalties provided for in the lease. From 1931 until March 1, 1937, intermittent payments were made but these payments in the aggregate were less than the minimum royalties provided for in the lease. Utilities Elkhorn Coal Company paid the appellant for the coal mined by it between November 1946 through March 1950 at the rate of ten cents per ton of 2,000 pounds each, in the total amount of $1,709.18.

No tender was ever made to the appellee by anyone nor was any demand ever made by appellee of anyone for either the minimum or actual royalties for coal produced from the property described in the lease from February 1937 until March 13, 1951 at which time appellee made demand of appellant for the royalties for coal removed from the leased property, beginning in 1946. On March 22, 1951, appellant tendered to the appellee the sum of $1,709.18, being the royalties collected by it from the Utilities Elkhorn Coal Company during the period of November 1946 through March 1950, admitting with said tender that it had erroneously failed to account to the appellee as these royalties were collected by it from the Utilities Elkhorn Coal Company. The tender was refused.

This action was filed by the appellee on November 1, 1951 for unpaid delinquent royalties and rentals alleged to be owing by the appellant for the period from September 1, 1931 through October 1951. The appellant by answer set up several defenses, including a general denial, and the claims that the lease of June 17, 1918 had terminated, that the action was barred by limitations, and that the appellee was guilty of laches and was estopped to enforce any claim under the lease by its failure to demand from the lessee the minimum royalties under the lease over a period of twenty years. Following a trial without jury, the District Judge rejected all of the defenses and entered judgment for the appellee in the amount of $22,820 with interest from April 1, 1938 to November 1, 1951, from which this appeal was taken.

█ Appellant's main contention on this appeal is that the mineable coal was exhausted from the property covered by the lease prior to April 1, 1938, the date on which this lease and others were transferred to it by the Esco Company. It relies upon the well established rule in Kentucky that the exhaustion of the mineable coal in the land under lease has the effect of terminating the contract, with the result that there is no obligation on the lessee to pay the minimum royalty thereafter. Auxier Coal Co. v. Big Sandy & Millers Creek Coal Co., 194 Ky. 14, 238 S.W. 189; Martins Fork Coal Co. v. Harlan-Wallins Coal Corp., D.C.E.D.Ky., 14 F.Supp. 902, affirmed 6 Cir., 83 F.2d 967. However, the District Judge found against the appellant on the factual situation necessary for the application of the rule. He found as a fact that there was merchantable and mineable coal in the property at the time the lease was purchased by appellant. As pointed out in his oral opinion, although the mining operations did not prove to be profitable, the mining company actually went into the property and mined a quantity of coal, and whether development of a mining lease will prove profitable or unprofitable is a recognized hazard of the business. Compare: Stonega Coke & Coal Co. v. Price, 4 Cir., 106 F.2d 411, 418. We are of the opinion that the Court's finding is not clearly er-

roneous and must be accepted on this review. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

■ The defenses of laches and estoppel are without merit. Laches involves more than a failure to assert a claim. It contemplates a delay that is unreasonable under the circumstances, during which period material changes in conditions or the relations of the parties were induced or resulted, and where it would be unjust and inequitable to the adverse party to disturb the status quo thus created. Barrowman Coal Corp. v. Kentland Coal & Coke Co., 302 Ky. 803, 196 S.W.2d 428. Nor is silence enough by itself to work an estoppel. "Silence, to work an estoppel, must amount to bad faith, and this can not be inferred from facts of which the person sought to be estopped has no knowledge." Shaw v. Farmers' Bank & Trust Co., 235 Ky. 502, 31 S.W.2d 893, 895; Codell v. American Surety Co., 6 Cir., 149 F.2d 854. Appellant at no time made inquiry of the appellee about the status of the lease and was never told by the appellee that the lease was not in force and effect. Information about the lease was easily available to the appellant if it took the trouble to make the inquiry. Instead, it accepted a transfer of the lease and did not record the deed. We find nothing inequitable or unjust in requiring the appellant to perform the terms of a lease which it voluntarily purchased without a representation of any kind being made to it by the lessor as an inducement to its purchase.

The appellant pleaded the 15-year, 10-year and 5-year statutes of limitation, KRS 413.090, 413.160, 413.120. The District Judge did not expressly refer to these defenses, but necessarily rejected them in awarding judgment to the appellee.

■■ When, as the result of certain conduct on the part of a defendant, such as by concealing the plaintiff's cause of action in such a way that it could not be discovered by the exercise of ordinary diligence, the period of such obstruction is not computed as any part of the period within which the action must be commenced. KRS 413.190. In our opinion, the facts in this case bring it within this tolling provision. St. Clair v. Bardstown Transfer Line, Inc., 310 Ky. 776, 221 S.W.2d 679, 10 A.L.R.2d 560.

Judgment is affirmed.