**Carl R. TALLEY**

v.

**Orvill Lee PIERSEN, Clyde Beatty and Cole Brothers Circus, and Acme Circus Operating Company.**

**Civ. A. No. 30667.**

United States District Court
E. D. Pennsylvania.

June 7, 1963.

---

Louis Sager, Pottstown, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for defendants.

CLARY, Chief Judge.

This case is before the Court on plaintiff's motion for leave to amend the complaint to name another defendant.

On April 30, 1960 plaintiff, while driving an automobile on Route 100 in Berks County, Pennsylvania, was involved in an accident with a circus truck. According to the sworn affidavit of George Bush, a Douglass Township police officer who investigated the occurrence, the driver of the circus truck identified himself as Orvill Lee Piersen, of Sarasota, Florida, and displayed an operator's license bearing that name.

On December 20, 1961, plaintiff commenced this action seeking damages for personal injury against Piersen on a theory of direct liability; and against Clyde Beatty and Cole Brothers Circus and Acme Circus Operating Company, on the theory of respondeat superior.

The defendants, all represented by the same counsel, filed answers on January 31, 1962 in which it was denied that Piersen was the operator of the vehicle. It appears that on March 5, 1962, plaintiff's counsel was informed that the vehicle was actually driven by another circus worker, Mike Martz, but at that time defendants' counsel was unable to get the exact name, correct spelling thereof or address of this man. The precise information was given by defendants in answer to plaintiff's interrogatories on June 19, 1962.

On August 9, 1962, plaintiff moved for leave to amend the complaint to name Martz as driver and defendant. The present defendants object that the two-year statute of limitations, 12 P.S. § 34,

**4**

ran as of April 30, 1962 and it is therefore too late to bring a heretofore unnamed party defendant into the action. Plaintiff's position is that the statute of limitations does not run in favor of one who, contrary to law, has failed to properly identify himself to an investigating police officer.

Rule 15(a) of the Federal Rules of Civil Procedure provides in pertinent part that "a party may amend his pleading only by leave of court or by written consent of the adverse party" and further, that "leave shall be freely given when justice so requires." Rule 15(c) provides that whenever the claim or defense asserted in the amended pleading arose out of the occurrence set forth in the original, the amendment *relates back* to the date of the original. If the herein proposed amendment were to be related back, it would then be considered as having been filed, as was the original complaint, on December 20, 1961 and the statute of limitations would not be an issue.

However, a Federal District Court must at all times consider the impact of Erie Ry. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Pursuant to that decision, the Supreme Court has directed that the appropriate State statute of limitations must be recognized and applied by a District Court having jurisdiction by reason of diversity, even though the Federal Rules might have reached a different result. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). Where local law so qualifies or abridges a cause of action that it cannot be brought in the State Court, the Federal Court must follow. Thus, the proposed amendment to this complaint can only relate back if it is within proper time under the law of Pennsylvania.

In Pennsylvania the limitation on actions for personal injury not resulting in death is two years from the time when the injury was done. 12 P.S. § 34. As a general rule, a party not named in the original complaint cannot be joined by subsequent amendment if this statutory period has run. Bahas v. Wilczek, 324 Pa. 212, 188 A. 139 (1936). However, it is also the law of Pennsylvania that a defendant will be equitably estopped from raising the bar of the statute if the delay was brought about by his own fraud, false representation, or concealment. Schwab v. Cornell, 306 Pa. 536, 160 A. 449 (1932); Plazak v. Allegheny Steel Co., 324 Pa. 422, 188 A. 130 (1936); Bonfitto v. Bonfitto, 391 Pa. 187, 137 A.2d 277 (1958); 22 Pennsylvania Law Ency. Limitation of Actions, § 9 (1959).

The Pennsylvania Courts have not been called upon to determine whether one who gives false identification to a police officer investigating an automobile accident and thereby causes delay in the commencement of suit is estopped from pleading the statute of limitations as a defense. At least three other jurisdictions, acting in similar circumstances, have held that the running of the statute was suspended where identity was concealed. Kurry v. Frost, 204 Ark. 386, 162 S.W.2d 48 (1942); St. Clair v. Bardstown Transfer Line, Inc., 310 Ky. 776, 221 S.W.2d 679, 10 A.L.R.2d 560 (1949); Sampson v. Scioto Transport Co., 1 Ohio Supp. 180. (1939). It should also be noted that the Pennsylvania Motor Vehicle Code declares that it shall be unlawful for any person, "To display, or to represent as one's own, any operator's license or learner's permit not issued to the person so displaying the same." 75 P.S. § 624.

It may be that the law of Pennsylvania would suspend the running of the statute of limitations, to at least some extent, upon the facts of the instant case. To do otherwise may work as a reward to wrongdoing and encourage future concealments. However, the Court does not feel that this question is

ripe for judicial resolution. Although the present parties have briefed and argued the issues, a decision now would be premature because the interests of Mike Martz, the proposed defendant, are not yet represented here.

If, with the case in its present posture, the Court were to hold that the statute bars the action against Martz, it is doubtful that either he or the present defendants would ever complain. However, a ruling now that Martz cannot avail himself of the statute would be in no way binding upon him and the controversy could arise again in his defense after the amendment of the complaint.

Further, I am not convinced that the present defendants have standing to raise the bar of the statute of limitations. While it is agreed that once the statute of limitations has run, plaintiff cannot assert any new cause of action not already set out in the original complaint, the Court cannot accept defendants' contention that changing the name of the servant changes the cause of action. These defendants have been sued upon a theory of vicarious liability and have not denied that there was an accident and that one of their vehicles was involved. They have only asserted that Orvill Lee Piersen was not the driver of that vehicle. In this case, the substitution of the name of the driver does not alter the substance of the claim against the present defendants. The case of Mays v. United Natural Gas Co., 268 Pa. 325, 112 A. 22 (1920) does not support defendants' argument.

The dictate of Rule 15 is that leave to amend should be freely given when justice requires. Since we find no substance to defendants' claim that the amendment amounts to a new cause of action as against them, and since the rights of Martz cannot be effectively adjudicated until he is brought within the jurisdiction of the Court, plaintiff's motion for leave to amend the complaint shall be granted.