ESTATE OF Nan CHAPPELLE (Carolyn B. Simpson, Administratrix), Appellant,

v.

Retta SANDERS, et al., Appellees.

No. 81–161.

District of Columbia Court of Appeals.

Submitted Dec. 3, 1981.

Decided Feb. 17, 1982.

Benjamin L. Evans, Washington, D. C., was on the brief for appellant.

John F. Kelly, Langley Park, Md., was on the brief for appellees.

Before KERN, MACK and BELSON, Associate Judges.

MACK, Associate Judge:

Appellant, administratrix of the estate of decedent Nan Chappelle, appeals from an order of the trial court granting appellees' motion for summary judgment on statute of limitations grounds, arguing that appellees' concealment of their identities should have tolled the running of limitations periods. We disagree and affirm the order of the trial court.

Appellant's complaint alleged that on or about June 17, 1976 appellee Theophilus Sanders, Jr., while driving Retta Sanders' car, collided with a vehicle in which the decedent rode as a passenger, causing injuries which resulted in her death. Appellant contends that Theophilus Sanders gave decedent a false name, address and telephone number, left the scene of the accident before police arrived, and failed to file an accident report.[1] Appellant concedes, how-

---

1. D.C.Code 1973, § 40–426 provides:

The driver of a vehicle of a type subject to registration under the motor vehicle laws of the District of Columbia which is in any manner involved in an accident within the District of Columbia, which accident has result-

ever, that the driver of the decedent's car noted the license plate number of Sanders' car and traced ownership to Retta Sanders.[2] The complaint further alleged that appellee Retta Sanders denied that her car had been involved in this collision when questioned.

Appellant filed wrongful death and survival claims on behalf of the decedent's estate on July 5, 1979, over three years after the date of the accident. The trial court granted appellees' motion for summary judgment on statute of limitations grounds following a hearing at which appellant argued that appellees' fraudulent concealment of their identities should have tolled the running of the limitations periods.

D.C.Code 1973, § 16–2702 requires that wrongful death claims be filed within one year of a decedent's death. While the survival act, *id.* § 12–101 imposes no specific limitation, § 12–301(8) imposes a three-year limitation period on personal injury claims. Appellant's survival action accrued on the date of her injury, *see Shehyn v. District of Columbia*, D.C.App., 392 A.2d 1008, 1013 (1978), and the one-year wrongful death limitation period began to run on August 17, 1976, the date of her death. As appellant acknowledges, both claims are therefore barred by these time limitations in the absence of a condition that tolled the running of these periods.

■ It is well established that affirmative acts employed by a party to fraudulently conceal either the existence of a claim or facts forming the basis of a cause of action toll the running of limitations periods. *William J. Davis, Inc. v. Young*, D.C.App., 412 A.2d 1187, 1191 (1980). *Accord, Weisberg v. Williams, Connolly & Califano*, D.C.App., 390 A.2d 992 (1978); *Emmett v. Eastern Dispensary and Casualty Hospital*, 130 U.S.App.D.C. 50, 396 F.2d 931 (1967). However, " '[o]ne well established

defense to a claim of fraudulent concealment is that the plaintiff knew, or by the exercise of due diligence could have known, that he may have had a cause of action.' " *Weisberg, supra* at 996, *quoting Westinghouse Electric Corp. v. City of Burlington*, 122 U.S.App.D.C. 65, 67, 351 F.2d 762, 764 (1965). "[A] mere doubt in the mind of a party in connection with his legal rights, or his right to recover in a lawsuit, will not suspend the running of the statute of limitations." 51 Am.Jur.2d *Limitation of Actions* § 146 (1970) (footnote omitted).

■ Appellant, however, does not allege that appellees concealed the *existence* of a cause of action but rather, that they concealed their *identities*. While the effect of such a concealment on the statute of limitations is a question of first impression in this jurisdiction, other jurisdictions have generally refused to toll the running of limitations periods under similar circumstances. "Concealment of the identity of parties liable, or concealment of the parties, has been held not to constitute concealment of the cause of action and not to be available to avoid the running of the statute of limitations." *Id.*, § 148 (footnote omitted). *See, e.g., Lim v. Superior Court*, 126 Ariz. 481, 616 P.2d 941 (1980); *Guebard v. Jabaay*, 65 Ill.App.3d 255, 21 Ill.Dec. 620, 381 N.E.2d 1164 (1978); *Staples v. Zoph*, 9 Cal.App.2d 369, 49 P.2d 1131 (1935).

Appellant argues that appellees' failure to file an accident report in violation of D.C.Code 1973, § 40–426 should have tolled the running of the limitations periods, citing *St. Clair v. Bardstown Transfer Line, Inc.*, 310 Ky. 776, 221 S.W.2d 679 (1949) (holding that tortfeasor's failure to comply with statute requiring accident report to be filed tolled the limitation period). Appellant's reliance on this authority is misplaced for, even if we assume that the purpose of this statute is "to provide the means where-

---

ed in damage to the property of any one person in excess of $100 or in bodily injury to or in the death of any person shall within five days after such accident report the accident on a form approved by the Commissioner to the office of the Commissioner . . . .

2. The driver of decedent's car filed a timely claim against Retta Sanders based on this information, amending her complaint to add Theophilus Sanders, Jr. as a party defendant when pretrial discovery revealed his identity.

by one injured or otherwise damaged by an automobile collision ... may be given the opportunity to seek compensation ...," *id.* at 779, 221 S.W.2d at 680–81, appellant can hardly claim, as did the plaintiff in *St. Clair*, that "[s]he possessed no clew with which to begin such [a] search." *Id.* Appellant was well aware, not only of the existence of wrongful death and survival claims, but also of Retta Sanders' identity as owner of the vehicle that collided with decedent's car. Pursuant to D.C.Code 1973, § 40–424,[3] appellant could have filed a timely claim against Retta Sanders and amended it as pretrial discovery revealed the identity of any other liable parties.

We hold that appellees' concealment of their identities did not toll the running of these limitation periods. In the circumstances here we are inclined to follow the rationale of those jurisdictions which have held generally that concealment of the identity of liable parties, unlike the concealment of the existence of a claim, is insufficient to toll the statute of limitations. *See* cases collected in 51 Am.Jur.2d *Limitation of Actions* § 148, *supra.* In any event, appellant possessed information with which a timely claim could have been filed.[4] We therefore affirm the trial court's order granting summary judgment for appellees.

*So ordered.*

---

3.  D.C.Code 1973, § 40–424 provides:

    Whenever any motor vehicle, ... shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner.

4.  Because appellant possessed information that revealed the identity of Retta Sanders as the owner of the car, we do not decide the question whether, in the absence of such information, D.C.Code 1973, § 40–426 would have operated to toll the running of the limitations periods.