**HARTFORD–EMPIRE CO. v. SWINDELL BROS., Inc., (AMSLER–MORTON CO., Intervener).**

**No. 4273.**

Circuit Court of Appeals, Fourth Circuit.

Oct. 4, 1938.

For prior opinion, see 96 F.2d 227.

Sidney F. Parham, of Hartford, Conn. (Edwin F. Samuels, of Baltimore, Md., William J. Belknap, of Detroit, Mich., and Robson D. Brown and Lloyd G. Bates, both of Hartford, Conn., on the brief), for appellant.

Lawrence C. Kingsland, of St. Louis, Mo., and William B. Jaspert, of Pittsburgh, Pa. (Cook & Markell and Edward A. Smith, all of Baltimore, Md., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

A careful consideration of the briefs and oral arguments on rehearing lead to no change in the conclusions of the Court as embodied in its opinion filed April 21, 1938. 96 F.2d 227. One statement of fact should be modified. This modification relates to the statement that the defendants' expert corrected his testimony as to the top of the tunnel of defendants' lehr being hotter than the bottom. At page 231. The correction made by the witness related to testimony as to the relative temperatures of the top and bottom of lehr of the reissue patent, not the lehr of defendants. We are satisfied, however, that, as a matter of fact, the tunnel of defendants' lehr, as well as of that of plaintiff, has a hotter bottom than top

throughout the entire annealing range. When the firebox above the entrance to the tunnel is heated, the heat is maintained at a temperature 300 degrees lower than that of the bottom flue. The top firebox extends for only a very short distance, and beyond this there is no heat whatever above the tunnel, whereas the temperature of the bottom flue is very high. In this situation, it seems to us inevitable that vertical convection currents should be produced and the lehr of defendants operate on the same principle as that of plaintiff.

■ Defendants earnestly contend on rehearing that the function of the dampered cold air inlets of the reissue patent is to cool the flue beyond the annealing range and that the function of the dampered hot air outlets of defendants' lehr is to control the heat gradient within the annealing range. From this it is argued that the function of the inlets and outlets in the two cases is entirely different and that there is consequently no basis for a finding of equivalency. We are satisfied from the evidence, however, that the inlets of the reissue patent are used for controlling the heat gradient within the annealing range as well as for cooling the flue beyond that range. And irrespective of this, we think there is ample basis for the finding of equivalency. The gist of the patent is the application of heat to the bottom only of the heatless unit lehr of the prior art. One of the problems of the combination was to control the heat of the flue so that it would be reduced in the second annealing stage and nullified in the cooling stage. This was solved in the patent by admitting cool air to the flue through dampered inlets. The accused lehr uses the "unit" lehr of the prior art in combination with the lower heating flue, just as does the lehr of the patent. Heated air is drawn through this lower flue by suction, just as in the lehr of the patent. The only difference is that in the accused lehr the heating flue ends where the cooling stage begins so that the bottom of the tunnel comes directly in contact with the outside atmosphere, and that for controlling the heat gradient within the annealing zone dampered outlets for the heated air are provided so that, by opening those near the entrance end of the tunnel and closing those near the cooling end, a portion of the hot air will be drawn off near the entrance end and will not exert its influence in the second annealing stage. While there is thus a slight change of form in the apparatus used, the same result, i. e. the cooling of the tunnel, is accomplished in substantially the same way, i. e. by reducing the heat of the heating flue in the annealing stage and by letting cool air come in contact with the bottom of the tunnel in the cooling stage. The fact that, in the annealing stage, the cooling of the flue is accomplished in the one case by admitting cool air and in the other by drawing out heated air, and that, in the cooling stage, the cooling is accomplished in the one case by drawing cool air into the heating flue and in the other by ending the flue altogether, is not sufficient to avoid infringement on the part of one who has appropriated the real gist of the invention.

■ Another point zealously stressed on rehearing is that vertical convection currents are not employed in the annealing zone of the lehr of the reissue patent and not at all in the accused lehr. The theory of vertical convection currents is the one upon which the success of the lehr of the reissue patent is explained; but neither the success of the lehr nor the validity of the patent is dependent upon the correctness of that theory. The patent was granted for the combination of elements described in our former opinion, not for the theory of operation which it was supposed to embody. It was infringed when a lehr was built involving substantially the same combination, whether the theory advanced to account for its action be correct or not. As said by Mr. Justice McKenna in the case of Diamond Rubber Co. v. Consolidated Tire Co., 220 U.S. 428, 435, 31 S.Ct. 444, 447, 55 L.Ed. 527:

"A patentee may be baldly empirical, seeing nothing beyond his experiments and the result; yet if he has added a new and valuable article to the world's utilities, he is entitled to the rank and protection of an inventor. And how can it take from his merit that he may not know all of the forces which he has brought into operation? It is certainly not necessary that he understand or be able to state the scientific principles underlying his invention, and it is immaterial whether he can stand a successful examination as to the speculative ideas involved. * * * He must, indeed, make such disclosure and description of his in-

vention that it may be put into practice. In this he must be clear. He must not put forth a puzzle for invention or experiment to solve, but the description is sufficient if those skilled in the art can understand it. This satisfies the law, which only requires as a condition of its protection that the world be given something new and that the world be taught how to use it. It is no concern of the world whether the principle upon which the new construction acts be obvious or obscure, so that it inheres in the new construction."

 Nothing in the file wrapper of Ingle patent No. 1,764,791 can have any bearing upon the validity of the Ingle patent in suit; for the patent in suit was granted before application was made for the other patent. Century Electric Co. v. Westinghouse Electric Co., 8 Cir., 191 F. 350, 352; Claude Neon Lights, Inc., v. Machlett & Son, 2 Cir., 27 F.2d 702, 707; Thomson-Houston Electric Co. v. Ohio Brass Co., 6 Cir., 80 F. 712, 727. Furthermore, as we were at pains to point out in our former opinion, there was no novelty in the drive used by the Ingle patent in suit. The novelty consisted in the combination of the drive with the woven wire belt in such way as to make that type of belt usable for transporting ware through the tunnel; and it is this combination, and not the mere drive, which the defendants are imitating.

Finally it is argued by defendants on rehearing that the success of the lehr of the reissue patent, to which we referred in our former opinion, was not as pronounced as there stated and that, at any event, it was attributable to the "unit" lehr construction, old in the art. The "unit" lehr of the prior art, however, was a failure precisely because no method had been devised for heating it effectively. It was only in combination with the heating device of the patent that it came to have any practical value. Nothing can obscure the fact that the result of the invention embodied in plaintiff's structure has been to revolutionize the art with respect to annealing the type of glassware produced by automatic forming machines; and it is the lehr of this invention which defendants are manufacturing, not the old unit lehr of the prior art which had failed.

For the reasons set forth in our former opinion, to which should be added what is herein contained, we are of opinion that the decree appealed from should be affirmed in so far as it relates to Mulholland patent No. 1,840,463 and reversed as to Mulholland reissue patent No. 17,263 and Ingle patent No. 1,583,046, and that the cause should be remanded for further proceedings.

Affirmed in part, reversed in part and remanded.