Vincent I. WHITMAN, Plaintiff,

v.

WALT DISNEY PRODUCTIONS, Inc., a corporation, Walter E. Disney, an individual, Roy O. Disney, an individual, John Does One to Four, inclusive, Jane Does One to Four, inclusive, Defendants.

No. 15764.

United States District Court
S. D. California, Central Division.
Jan. 16, 1957.

38

William J. F. Brown, Los Angeles, Cal., Edward D. Bolton, New York City, for plaintiff.

Lyon & Lyon, Leonard S. Lyon, Robert Douglas Lyon, Los Angeles, Cal., for defendants.

HARRISON, District Judge.

Suit is brought for infringement of of United States Letters Patent No. 2,-075,684, issued March 30, 1937 to plaintiff, the present owner, covering systems of composite motion picture photography. It is alleged that defendants, in producing certain motion pictures since 1937 including Snow White, Pinocchio,

Fantasia, Peter Pan, Cinderella and many others, have infringed this patent.

■ On motion of defendants the case was set for trial on the issue of laches only, under Rule 42(b), 28 U.S.C.A. The case is submitted on a stipulation of facts, including certain portions of plaintiff's deposition. The complaint seeks an injunction plus an accounting of profits and damages. Subsequent to the commencement of the action the patent in suit expired. Although the question of injunctive relief is thus no longer involved, laches may nevertheless constitute a bar to recovery of profits and damages. Gillons v. Shell Co. of California, 9 Cir., 1936, 86 F.2d 600; Banker v. Ford Motor Co., 3 Cir., 69 F.2d 665.

Plaintiff has admittedly been aware of the method employed by defendant since prior to September, 1939. Two previous suits have been brought against these defendants for infringement of this same patent. The first was filed in the United States District Court for the Southern District of New York in 1939 and was dismissed for improper venue. The second was begun in this court in 1940 and was dismissed without prejudice in 1943 for want of prosecution. It is admitted that from 1943 until the filing of the present suit in 1953 no other actions involving this patent were filed or pending, nor did plaintiff or any of his representatives assert any claim of infringement of the patent either verbally or otherwise against defendants.

During this period plaintiff was of sound health mentally and physically, was not confined in any type of institution, nor absent from the United States. Plaintiff was single at all times, and not financially destitute. It is admitted that during this period the only new acts of alleged infringement consisted of the production of additional films using the same process.

■■ The only question now before the court is whether or not plaintiff's claim is barred by laches. Although there is no fixed period (except as pro-

vided in 35 U.S.C.A. § 286) limiting the time within which suit for infringement must be brought, diligence must be observed to escape a charge of laches. Whether the plaintiff has been diligent under all the circumstances decides the question of laches. The mere lapse of time is not conclusive. Where plaintiff is chargeable with laches, he cannot recover the damages he has suffered nor the profits defendant has gained. Walker On Patents (Deller's Edition), Vol. 4, p. 2658.

The leading decision in this circuit on the question of laches in infringement actions is Gillons v. Shell Co. of California, supra. The principles therein enunciated as underlying the determination of this problem were recently reaffirmed in Kimberly Corporation v. Hartley Pen Company, 9 Cir., 1956, 237 F.2d 294.

■■ "The question of laches is addressed to the sound discretion of the trial judge." Although not bound by statutes of limitations relating to actions at law, courts of equity will generally draw analogies to them. In patent cases, the "analogous" period is six years. [35 U.S.C.A. § 286]. After this length of time, the delay is presumed to have injured defendant, unless the contrary can be shown by plaintiff. Gillons v. Shell Co. of California, supra; Westfall Larson Co. v. Allman-Hubble Tug Boat Co., 9 Cir., 1934, 73 F.2d 200.

■ But aside from this analogy to the statute of limitations, there is an "all-embracing" doctrine of equity which gives the court discretion to invoke the bar of laches. Equity frowns on stale claims, and unreasonable delay in bringing suit precludes relief. Reasonable diligence is a prerequisite to invoking the court's aid in the assertion of one's rights. Gillons v. Shell Co. of California, supra.

■ In the present case we find an extended period of apparent inactivity by plaintiff, running well beyond the analogous statutory period. The burden is thus cast upon plaintiff to justify the long delay.

■ · Plaintiff·first argues that he has in fact been diligent in the assertion of his rights. But his inactivity clearly demands explanation. All that is offered is a statement of counsel asserting that from the time of dismissal in 1943 there has been voluminous correspondence between plaintiff and his counsel and many trips by plaintiff's business agent and others from New York to California in preparation to proceed with the present action. This falls far short of showing diligence during the long period of apparent inactivity.

■ Nor has plaintiff satisfactorily explained this absence of diligence. In fact the only excuse offered is an alleged lack of funds. By the weight of authority, lack of funds is no excuse for delay in bringing suit. Leggett v. Standard Oil, 149 U.S. 287, 294, 13 S.Ct. 902, 905, 37 L.Ed. 737; Hayward v. National Bank, 96 U.S. 611, 618, 24 L.Ed. 855; Cummings v. Wilson & Willard Mfg. Co., 9 Cir., 1925, 4 F.2d 453; Gillons v. Shell Co. of California, supra.

In Cummings v. Wilson & Willard Mfg. Co., supra, the court found this rule particularly applicable where plaintiff's delay appeared to be an acquiescence in the alleged infringement. Plaintiff in that case argued that two other decisions of this circuit compelled a different holding. Los Alamitos Sugar Co. v. Carroll, 9 Cir., 173 F. 280; Columbia Graphaphone Co. v. Searchlight Horn Co., 9 Cir., 236 F. 135. In distinguishing these cases, the court indicated that laches might not be imputed where defendant knows plaintiff does not acquiesce or where plaintiff carries his protests as far as his funds will allow, even though unable to undertake litigation. In such circumstances, plaintiff's poverty may excuse delay in instituting suit.

Such is not the case here. In the first place, plaintiff's contention that the delay was due to lack of funds is not convincing. In fact, his own testimony rather clearly negates it. He admits that his brother, who completely handled all his business affairs, could have financed the action. Further, it appears that plaintiff's own income was sufficient to have allowed litigation to be maintained. Plaintiff in addition testified that during the period of delay he could have obtained, had he so chosen, employment with many motion picture companies at a substantial salary. Plaintiff has failed to establish that he lacked funds to proceed with the litigation, thus failing to show the exceptional circumstances necessary to avoid the bar of laches.

■ But assuming, arguendo, that plaintiff was handicapped by lack of funds in proceeding with actual litigation, he has still not shown the "reasonable diligence" required of one seeking relief in a court of equity. From the time of dismissal in 1943 not a single protest or assertion of rights was made to defendant. Even after filing this suit in 1953 no attempt was made to serve the summons for nearly two years. We find then an apparent acquiescence or abandonment of plaintiff's claim that cannot be ascribed to financial inability. No other excuse for this period of delay having been shown, plaintiff fails to evade the bar which his lack of diligence has raised.

■ During these many years plaintiff has not exploited his alleged invention. Defendants, on the other hand, have invested millions of dollars of time, effort and capital in establishing Walt Disney movies as an American institution. This venture has paid handsome rewards, not only in profit to defendants but in entertainment to millions of children and adults the world over. Whatever claim plaintiff may have had for originating or perfecting this new form of art, defendants alone were responsible for making it a commercial success. Plaintiff failed for over a decade to assert his alleged claim. At this late hour he now demands that defendants account to him for the profits of the venture. This plea is not one calculated to find sympathetic reception in a court of equity. It is the judgment of this court that plaintiff's unreasonable delay constitutes laches barring the maintenance

of this action. Judgment of dismissal is hereby ordered.

Counsel for defendants is directed to prepare findings and judgment of dismissal under the rules of this court.