**Vincent I. WHITMAN, Appellant,**

v.

**WALT DISNEY PRODUCTIONS, INC., a Corporation; Walter E. Disney, an Individual; John Doe One, et al., Appellees.**

**No. 15608.**

United States Court of Appeals
Ninth Circuit.

Dec. 27, 1958.

Boyken, Mohler & Wood, San Francisco, Cal., for appellant.

Lyon & Lyon, R. Douglas Lyon, Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

On March 30, 1937, there was issued to plaintiff United States Letters Patent No. 2,075,684. This invention was a composite system of photography and particularly a motion picture photography wherein a portion of a still background scene pictorially recorded is photographed with superimposed visual actions which occur in the foreground.

Prior to 1939, plaintiff saw the motion picture "Snow White and the Seven Dwarfs," produced by these defendants, and determined that the process used in producing it infringed his patent.

From the stipulation of facts in this case we find (1) that Civil Action 5/478 was filed on September 30, 1939, in the District Court for the Southern Division of New York, involving the same plaintiff and same defendants as in the present action (with some additional defendants), and constituting the same claim of infringement of said Patent No. 2,075,-684 (hereinafter called the Whitman Patent) as is here claimed. The New York action was dismissed by an order of that court dated December 15, 1939, consented to by plaintiff; (2) that Civil Action No. 947 B-H was filed on May 8, 1940, in the District Court for the Southern District of California involving the same plaintiff and the same defendants, and contained the identical claim for infringement. This action was dismissed March 30, 1943, without prejudice, for lack of prosecution; (3) that no other actions were filed or pending in any court from March 30, 1943, until July 30, 1953, involving the parties to this action; (4) that neither plaintiff nor his representatives asserted any claim of infringement of the Whitman Patent, either verbally or by any written communication, against defendants or any of them from March 30, 1943, to July 30, 1953; (5) that during the period March 30, 1943, to July 30, 1953, the plaintiff, Vincent I. Whitman, was of sound health both mentally and physically; (6) that during that same period the plaintiff, Vincent I. Whitman, was not confined in any type of institution and was not absent from the United States; (7) that during that same period the plaintiff, Vincent I. Whitman, was a single man and had no dependents and was not financially destitute; and (8) that plaintiff Vincent I. Whitman was aware of the method and apparatus used by defendants, now charged to constitute an infringement of Whitman Patent No 2,075,684, prior to September 30, 1939.

On July 30th, 1953, the present suit was filed. Eighteen months later an alias summons was issued, which was served on January 19, 1955. An answer was filed on February 24th, 1955, and thereafter the defendants moved for a separate trial on the issue of laches. Meanwhile, in 1954, the patent had expired.

The court below heard the motion to dismiss upon the ground of laches. It granted the motion. Findings of Fact, Conclusions of Law and Judgment were filed. Plaintiff's appeal here is timely. The jurisdiction below was based on the patent laws of the United States. 28 U.S.C. § 1338(a). Appeal here is proper. 28 U.S.C. §§ 1291, 1292(4).

Appellant relies on two specifications of error—*one,* the decision is based on facts not in evidence; and *two,* it is contrary to law.

The theory behind the appellant's first point is that the court professedly relied on detriment to the defendant, which detriment must be, but allegedly was not, proved.

A fair reading of the court's decision below indicates his reference to the [148 F.Supp. 40] "millions of dollars of time, effort and capital in establishing Walt Disney movies as an American institution" was merely an explanatory aside, based upon facts self-evident to any resident of Southern California, and probably to most people throughout the world. The general tenor of the fact noted was one of which the court could have taken judicial knowledge. Courts must know that there *are* such things as airplanes and automobiles and motion pictures, and that in their total cost such things represent millions of dollars in

value. We think it self-evident there must be *some* detriment to a person investing millions in any product if an alleged inventor of that product delays for some fifteen years, after knowledge, in bringing a suit. His *right* to bring suit at any time during the patent's existence is not questioned; we merely suggest there must exist some detriment to the alleged infringer by reason of substantial unexplained delay.

██ It is the general rule that one cannot have knowledge of the alleged infringement, and then stand idly by while the infringer embarks on a costly expansion program. Mere passage of time cannot constitute laches, but if the passage of time can be shown to have lulled defendant into a false sense of security, and the defendant acts in reliance thereon, laches may, in the discretion of the trial court, be found.

In Lukens Steel Co. v. American Locomotive Co., 2 Cir., 1952, 197 F.2d 939, the period from which laches was found was five years. Usually it is longer. Gillons v. Shell Co., 9 Cir., 1936, 86 F.2d 600 (between nine and nineteen years); Shaffer v. Rector Well Equipment Co., 5 Cir., 1946, 155 F.2d 344 (eight years); Potash Co. v. International Minerals & Chemical Corp., 10 Cir., 1954, 213 F.2d 153 (eleven years).

Appellant's principal point is that the lower court erred as a matter of law in making a finding of laches on appellant's part. Appellant points out that the statute which the trial judge stated was "analogous"—35 U.S.C. § 286—is not one limiting the time within which a suit must be brought, but is merely a "qualification or condition upon a right of recovery," Peters v. Hanger, 4 Cir., 1904, 134 F. 586, 588, and "limits the recovery of profits and damages to those arising from infringements committed within six years prior to the institution of suit." Hartford-Empire Co. v. Swindell Bros., Inc., 4 Cir., 1938, 96 F.2d 227, 233, modified on other grounds, 4 Cir., 99 F.2d 61.

That this is the law is unquestioned, but as is stated in Drum v. Turner, 8 Cir.,

1914, 219 F. 188, 198, relied on by appellant, that general legal principle is controlling only when the failure to file suit is "unaccompanied by such acts or silence of the owner as amount to inducing deceit and thereby to an equitable estoppel."

The trial court, relying on "the leading decision in this circuit"—Gillons v. Shell Co., supra; and on Kimberly Corp. v. Hartley Pen Co., 9 Cir., 1956, 237 F.2d 294, 301; and Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., 9 Cir., 1934, 73 F.2d 200—found, in the exercise of its sound judicial discretion which controls the determination of laches, that unexplained delay is presumed to have injured a defendant, unless the contrary can be shown by a plaintiff, after six years—the period of time specified in 35 U.S.C. § 286, which in its application to patent suits for damages is the equivalent of the statute of limitations in actions at law, frequently adopted by courts of equity in determining whether laches existed. Hartford-Empire Co. v. Swindell Bros., Inc., supra.

We think the Gillons' decision justifies the trial court's reliance on it as controlling here. There the delay was nine years, or more. The plaintiff-inventor there sought to explain that delay (1) by charging fraud and deception on the part of Shell Co., and that such fraud and deception prevented the inventor from having knowledge sufficient to bring suit; (2) that the plaintiff-appellants there had never been in a financial position to bring suit; and (3) that there was no prejudice shown to defendant by reason of the delay, nor any inference of prejudice.

This Court in Gillons answered these points by pointing out there was adequate proof of knowledge of infringement nine years earlier; (2) that poverty is no excuse for delay, Hayward v. Eliot National Bank, 1877, 96 U.S. 611, 618, 24 L.Ed. 855; and (3) that there was evidence in the record from which

> " * * * the appellee might well have believed that the Gillons patent holders had dropped their charges of infringement. * * *

" * * * During that time the appellee became, 'largely because' of the alleged infringement, according to the appellants, the biggest oil company in the world * * * appellants have failed to explain satisfactorily why they thus stood by and allowed the appellee to build up a large business before they filed their suit."

Gillons, supra, 86 F.2d at page 607. The Court then notes that when suit is filed *after* the statutory period, injury is presumed (Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., supra, 73 F.2d at page 203); that in patent cases the "analogous" statutory period is six years (citing cases); and then quotes 21 C.J. 234–36 at length (with respect to impairment of a witness' memory), and, finally, states the general rule that "equity frowns upon stale demands"; and that "in connection with the bar of laches, from the earliest days federal courts have emphasized the distinction between a reasonable and an unreasonable delay in bringing suit—even *within* the period designated by the statute of limitations."

 In our instant case the delay was fourteen years; no charge of fraud or deception on the part of appellees was made; there is no charge of inability to bring the suit because of insufficient knowledge (to the contrary, the knowledge on which the third suit was based in 1953 is the same knowledge as appellant had in 1939); no point is made of lack of funds, or absence from the country or poor health, or confinement in any institution. It was stipulated that neither plaintiff nor his representatives asserted any claim for infringement of the patent in suit, either verbally or in writing, between the dismissal of the second suit for lack of prosecution on March 30, 1943, and the filing of the instant action on July 30, 1953—a period of ten years and four months.

We agree with the trial judge that Gillons v. Shell Co., supra, establishes the rule that the question of laches in such a case as this is a matter for the discretion, judicially exercised, of the trial court. We affirm that while "mere" delay may not constitute laches, unreasonable or unexplained delay well may. Kimberly Corp. v. Hartley Pen Co., supra, 237 F.2d at page 301.

We find no indication that the district court abused its discretion; and the judgment is affirmed.