**Brian S. JONES, as Receiver for Permadent Products Corp., Plaintiff,**

v.

**CERAMCO, INC., a Corporation of the State of New York, et al., Defendants.**

No. 74 C 467.

United States District Court, E. D. New York.

Jan. 7, 1975.

Peter L. Berger, New York City, for plaintiff.

Harold E. Drumm, Morgan, Finnegan, Durham & Pine, New York City, for defendants.

*Memorandum and Order*

PLATT, District Judge.

Defendants have moved for reconsideration of this Court's Opinion denying defendants' prior motion to dismiss plaintiff's first claim for patent infringement on the ground that the same is barred under the doctrine of estoppel and laches. The facts and the bases for this Court's denial are set forth in an opinion reported in 378 F.Supp. 65 (1974).

In their motion for reconsideration defendants claim that "the Court was not fully apprised that neither plaintiff nor any of his assignors had given any notice of an infringement to defendants from the date the patent in suit issued (September 11, 1962) until the complaint in this suit was served (April 9, 1974) and that therefore under the law laches and equitable estoppel bar plaintiff from any relief".

In paragraph 13 of plaintiff's complaint, which was before this Court when it decided defendants' original motion, it is alleged that "upon information and belief, defendants have prior knowledge and notice of the patent-in-suit." It was only subsequent to its decision that the defendants suggested, and the parties thereafter agreed, that no notice was in fact ever given to the defendants by any of the claimants to the patent-in-suit (including the plaintiff) of any intention to enforce any patent rights.

This question was first presented to this Court in October, 1974, when the defendants requested the Court to modify its Opinion with a statement that its order involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from an order entered thereon might materially advance the ultimate termination of the litigation pursuant to 28 U.S.C. § 1292(b).

Thereafter and before the Court made a determination with respect to such request for modification, the defendants made their present motion for reconsideration.

As indicated in its original opinion herein, the Court was "troubled by" the amount of time that elapsed (1962–1974) during which no action was taken against the alleged patent infringers and it was only because of the plaintiff Receiver's problems and difficulties in perfecting clear title to the patent-in-suit that the Court declined to dismiss the plaintiff's action on the ground of laches.

As indicated above, however, the Court in making such decision, was under the mistaken impression that "notice" had been given to the defendants that they were going to be held accountable eventually for their alleged infringement which now appears not to be the fact.

The more recent authorities seem to suggest that failure to give such notice may be fatal to a plaintiff's claim, such as the one in the case at bar, that he should be excused from the delay in the prosecution of his claim because of other substantial problems such as existed in this case. American Home Products Corp. v. Lockwood Manufacturing Co., 483 F.2d 1120 (6th Cir. 1973); Technitrol, Inc. v. Memorex Corp., 376 F.Supp. 828 (N.D.Ill.1974); Siemens Aktiengesellschaft v. Beltone Electronics Corp., 381 F.Supp. 57 (N.D.Ill.1974).

In the *American Home Products Corp.* case the Court of Appeals said (483 F.2d at p. 1123):

"This is not to imply that the other litigation rule is applicable only by agreement between the parties; clearly it is not. See: 2 Pat.L.Pers. § B.-3[2] at 10–11 (1972). But if Ekco had intended to press its claim after the Chicago litigation, it surely would have (or should have) found time to send Lockwood a simple letter to that effect.

"This notification is important, partly because it puts the accused infringer on notice that a suit will be filed against him on this issue, and partly because it permits him to bring a declaratory judgment action if the delay in waiting for a judicial determination would be a burden upon his proposed operation.

"[4] Although the 'other litigation' exception does permit a patent owner to sue multiple infringers consecutively, we are unable to find any authority for the proposition that the existence of 'other litigation' is a complete bar to the assertion of a laches defense. Although multiple litigation need not be maintained against multiple infringers, we see no reason why a patent owner need not at least assert to the other infringers its intention to bring a subsequent action at the termination of the presently pending action."

In the case at bar, according to the plaintiff's complaint the defendant CERAMCO's position has been substantially changed during the delay years in question in that it has been sold to Johnson & Johnson Corporation.

In addition, of course, the defendants enjoy a presumption of injury or harm by virtue of the extent of the delay herein. As was said in the *Technitrol, Inc.* case, *supra,* (376 F.Supp. at pp. 831 and 832):

"When the delay in prosecuting a claim appears unreasonable, the burden is on the patentee to excuse it. Baker Mfg. Co. v. Whitewater Mfg. Co., supra, 430 F.2d 1008, at 1009. In patent cases, the burden is placed

942

upon the plaintiff after a six year period has passed (this is analogous to the statute of limitations, 35 U.S.C. § 286). Id. at 1010. Injury to the defendant is presumed and plaintiff must justify the delay. Id.

\* \* \* \* \* \*

"There can also be no serious question that NCR has been harmed. First, there is the presumption of harm to the defendant after a six year delay. See Baker Mfg. Co. v. Whitewater Mfg. Co., supra at 1010; see also General Electric Co. v. Sciaky Bros., Inc., 304 F.2d 724, 727 (6th Cir. 1962); Whitman v. Walt Disney Prods., Inc., supra, 263 F.2d 229, at 231. \* \* \*

"Technitrol contends, however, that the delay was not a cause for harm and that NCR did not rely on Technitrol's inaction. First, this ignores the presumption of harm which exists under these circumstances. \* \* \*

" \* \* \* After so many years had passed, with only several attempts to license, with no follow up, and with long intervals of silence, NCR must be deemed to have relied on Technitrol's inactivity."

Notwithstanding this state of the law, plaintiff argues that defendant should not be permitted to "urge that they are in a position of believing that they were not infringing plaintiff's rights throughout the years." The difficulty that the Court has with the plaintiff's argument is that the authorities seem to say that after six years without any notice or claim of infringement by a plaintiff, a defendant may presume that he is not infringing plaintiff's rights. A presumption of harm or injury to the defendant after such time certainly exists and a necessary corollary to such presumption is defendants' presumption that they were not infringers.

In this case, as has heretofore been indicated, the Court is very concerned with the length of the delay. It is one thing to excuse the delay in commencing a law suit on the ground that a Receiver in bankruptcy has to clear title to a patent before commencing a suit on such patent. But it is another thing to say that such problems prevented the Receiver from giving notice to the defendants of his intention to enforce his rights under the patent when he had perfected his title thereto. No valid reason has been offered by the plaintiff as to why he did not give any such notice during the entire 11½ year period.

Under the circumstances, the Court feels that it must vacate that portion of its prior decision which denied defendants' motion to dismiss the complaint herein on the ground of laches and estoppel and grant such motion.

In order that the record will be clear, the Court will now, therefore, grant defendants' motion to dismiss the complaint herein in its entirety and it is hereby

So ordered.