POTTER INSTRUMENT COMPANY, INC., Appellant,

v.

STORAGE TECHNOLOGY CORPORATION; Telex Computer Products, Inc.; Sperry Corporation; Control Data Corporation, Appellees.

No. 80-1428.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1980.

Decided Feb. 23, 1981.

David R. Murphy, Arlington, Va., for appellant.

Richard E. Kurtz, Philadelphia, Pa. (Woodcock, Washburn, Kurtz, Mackiewicz & Norris, Philadelphia, Pa., on brief) and Allen Kirkpatrick, Washington, D. C. (Cushman, Darby & Cushman, Washington, D. C., Alan E. J. Branigan, Griffin, Branigan & Butler, Harrison McCandlish, LeBlanc, Nolan, Shur & Nies, Arlington, Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, FIELD, Senior Circuit Judge, and PHILLIPS, Circuit Judge.

HAYNSWORTH, Chief Judge:

Potter Instrument Co., Inc. filed in the district court separate suits against Storage Technology Corp., Control Data Corp., Sperry Corp., and Telex Computer Products, Inc., alleging infringement of two patents. Potter requested monetary, but not injunctive relief. The actions were consolidated for trial and the district court granted defendants' motions to dismiss on the grounds of equitable estoppel and laches.

This court has on occasion addressed the equitable doctrines of laches and estoppel in patent infringement suits. *See Eastern Venetian Blind Co. v. Acme Steel Co.*, 188 F.2d 247, 254 (4th Cir. 1951); *Baker-Cammack Hosiery Mills v. Davis Co.*, 181 F.2d 550, 564–68 (4th Cir. 1950); *Fretwell v. Gillette Safety Razor Co.*, 106 F.2d 728, 730–31 (4th Cir. 1939); *Hartford-Empire Co. v. Swindell Bros.*, 96 F.2d 227, 232–33, modified, 99 F.2d 61 (4th Cir. 1938); *Denominational Envelope Co. v. Duplex Envelope Co.*, 80 F.2d 186, 193–94 (4th Cir. 1935). Those occasions have not invited comprehensive treatment of the subjects. Other courts, however, recently have surveyed the area. *E. g., Studiengesellschaft Kohle v. Eastman Kodak Co.*, 616 F.2d 1315, 1325–28 (5th Cir. 1980); *TWM Mfg. Co. v. Dura Corp.*, 592 F.2d 346 (6th Cir. 1979).

The laches defense "may be invoked where the plaintiff has unreasonably and inexcusably delayed in prosecuting its rights and where that delay has resulted in material prejudice to the defendant." *Eastman Kodak*, 616 F.2d at 1325.

The district court found that Potter should have known of the alleged infringement of the '894 patent for more than six years before it filed suit. A delay of six years triggers a presumption that the delay was unreasonable and that the defendant was prejudiced. *Eastman Kodak*, 616 F.2d at 1326; *TWM Mfg. Co.*, 592 F.2d at 348–40. The district court considered and rejected each of the justifications which Potter offered for the delay.

With respect to the '685 patent, the delay in filing suit was slightly less than six years. The district court nonetheless found that the delay was unreasonable and that the defendants were prejudiced.

The invocation of the estoppel or laches doctrines is within the sound discretion of the district court and will be reversed only if clearly erroneous. *Eastman*

*Kodak,* 616 F.2d at 1325. Because we do not find clear error, we affirm the dismissal on the laches ground.

■ The district court also held that Potter "ought to be estopped from bringing an infringement action against these defendants under the '685 patent." Although we would be inclined to uphold this ground of decision on the facts of this case, we think that the invocation of the doctrine of estoppel would produce a result unintended by the district court. Unlike laches, which only bars recovery of damages for past infringement, estoppel forecloses, as well, prospective patent enforcement through an injunction or through damages for continuing infringement. *Eastman Kodak,* 616 F.2d at 1325. The district court, however, clearly did not intend for its dismissal to have that effect:

> ·Whatever right the plaintiff has to enforce its delayed infringement claims against these defendants will not be impaired by the dismissal of this consolidated suit—the defendants are the real parties-in-interest in the plaintiff's pending suit in the United States Court of Claims—all available discovery has been completed and the Court of Claims' action is now ready for hearing on the merits as soon as that Court's docket permits.

Consistent with the district court's view of the preclusive effect of its decision, we limit our affirmance to the laches ground of decision.

*AFFIRMED.*