**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

BYRON JONES, a/k/a Carl Lee, a/k/a
"B,"
<u>Defendant-Appellant.</u>

No. 97-6959

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-92-153-P)

Submitted: April 21, 1998

Decided: July 28, 1998

Before MURNAGHAN, WILKINS, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Byron Jones, Appellant Pro Se. Robert Jack Higdon, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Byron Jones appeals the denial of his Fed. R. Crim. P. 41(e) motion for return of property, his motion for discovery of relevant documents, and his motions for reconsideration. Jones sought return of non-contraband property seized in a search incident to his arrest in April 1992. He filed his Rule 41(e) motion in June 1997. Finding that Jones's motion was untimely, the district court denied the motion under the equitable doctrine of laches and then denied Jones's motion for discovery. Because we find that the district court did not make the appropriate findings to warrant dismissal on laches grounds, we vacate and remand for further proceedings.

We review the denial of a Rule 41(e) motion for abuse of discretion. See Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993). Dismissal of a claim on the ground of laches requires that there be (1) unreasonable and unexcused delay in bringing the claim and (2) material prejudice to the defendant as a result of the delay. See Potter Instrument Co. v. Storage Technology Corp., 641 F.2d 190, 191 (4th Cir. 1981). To establish a laches defense, both of the above prongs must be met. Only then can the court weigh the delay and prejudice to determine whether justice requires that the claim be barred. See Giddens v. Isbrandtsen Co., 355 F.2d 125, 128 (4th Cir. 1966); Advanced Cardiovascular Sys. v. Scimed Life Sys., 988 F.2d 1157, 1161 (Fed. Cir. 1993).

While we find that the district court did not abuse its discretion in determining that a five year lapse between the seizure and Jones's motion constituted unreasonable and inexcusable delay, the district court was also required to find material prejudice to the Government before applying the doctrine of laches. The Government has not responded in this case, and the district court made no finding of prejudice sua sponte. Thus, the district court dismissed Jones's motion under the laches doctrine without considering the mandatory second prong of the test. In addition, we cannot infer prejudice, because the Government never responded to the motion, and there is nothing in the record to support such a finding. Instead, accepting Jones's allegations as true, this property has been in the Government's possession

2

for over six years without the institution of a forfeiture proceeding. We find that the denial of Jones's motion under these circumstances was an abuse of discretion. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993) (an abuse of discretion occurs when the district court's exercise of discretion is flawed by an erroneous legal premise).

Accordingly, we vacate the district court's order and remand for service of the motion on the Government and reconsideration of whether the doctrine of laches applies. In addition, while we express no opinion on the merits of Jones's discovery motion, he is free to refile this motion in district court. We deny Jones's motion for appointment of counsel. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3