**UNITED STATES of America,
Plaintiff,**

v.

**(1) Byron JONES, aka Carl Lee; (2) Dandre Torres, aka Danny Scott, Defendants.**

Nos. 3:92–CR–153–1–P,
3:92–CR–153–2–P.

United States District Court,
W.D. North Carolina.

March 26, 1999.

Assistant United States Attorney Timika Shafeek, Charlotte, NC, for plaintiff.

Byron Jones, pro se, Dandre Torres, pro se.

## ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on a Motion by Defendant Dandre Torres aka Danny Scott ("Torres") for Return of Property Pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure [document no. 85 (3:92–CR–153–1–P), document no. 61 (3:92–CR–153–2–P), filed March 22, 1999]. Torres filed this Motion in response to the Court's Order dated March 3, 1999 [document no. 82 (3:92–CR–153–1–P) ], which held in abeyance the Government's Motion for Reconsideration [document no. 81 (3:92–CR–153–1–P), filed February 8, 1999] in order to give Torres an opportunity to assert a claim of ownership to money seized during his arrest.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In an Order filed December 30, 1998, the Court granted in part and denied in part a Motion by Defendant Byron Jones aka Carl Lee ("Jones") for Return of Property Pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. In particular, the Court ordered the Government to return to Jones his personal papers and money seized during his arrest in the amount of $266.00.

The Government returned Jones' personal papers but then argued in its Motion for Reconsideration, filed February 8, 1999, that the $266.00 never belonged to Jones but rather belonged to his co-defendant, Torres. The Government attached to its Motion for Reconsideration a Charlotte Police Property Report indicating that the money was impounded from Torres. (Gov't's Mot. Recons., Ex. A.) The Government also attached a statement from an officer who executed the search warrant at Jones' residence. (*Id.*, Ex. B.) The officer stated that the $266.00 was found in a bedroom occupied by Torres and was situated next to other personal items belonging to Torres. (*Id.*)

In its Order dated March 3, 1999, the Court, construing the Government's Motion for Reconsideration as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, recognized that its prior ruling was likely based on an erroneous factual assumption, i.e., that the $266.00 belonged to Jones. As a result, the Court decided to adjust its ruling in a manner that best secured complete justice as demanded by the circumstances of this case. The Court ruled that, in any event, the Government was not entitled to keep the $266.00 because it did not have a cognizable claim of ownership or right of possession adverse to that of Jones. On the other hand, the Court did not order an immediate return of the money to Jones but rather allowed Torres thirty days to assert a claim of ownership to the seized money. Absent such a claim,

the Government would be required to return the money to Jones.

On March 22, 1999, Torres filed a Motion to Return Property Pursuant to Rule 41(e), in which he claimed that the $266.00 was indeed his. Torres also requested the return of four beepers and a calculator that were seized during his arrest.

## II. DISCUSSION AND ANALYSIS

### A. Government's Motion for Reconsideration Revisited

The Government's Motion for Reconsideration was held in abeyance to allow Torres an opportunity to assert a claim of ownership or right of possession to the seized money. Torres timely asserted a claim of ownership that was consistent with both the police report and the statement of the investigating officer. (*See* Gov't's Mot. Recons., Exs. A, B.) The Court finds that Torres' ownership cannot be reasonably disputed. As such, the Government's Motion for Reconsideration is granted only to the extent that the money shall be returned to Torres, not Jones, and the Court's Order of December 30, 1998, is therefore amended to reflect this change.

### B. Torres' Motion to Return Property

A Rule 41(e) motion is properly granted if the government no longer needs the seized property as evidence, the property is not subject to forfeiture, and the defendant is entitled to lawful possession of the property. *United States v. Mills,* 991 F.2d 609, 612 (9th Cir.1993). While a criminal defendant is presumed to have the right to the return of his property after trial, *United States v. Van Cauwenberghe,* 934 F.2d 1048, 1061 (9th Cir.1991), such right may be forfeited if the defendant's claim is barred by the statute of limitations or by the equitable doctrine of laches. *See* 28 U.S.C. § 2401(a) (six-year statute of limitations for civil actions against the United States); *Ramsden v. United States,* 2 F.3d 322, 324 (9th Cir. 1993) (doctrine of laches applies to civil

equitable proceedings brought under Rule 41(e)), *cert. denied,* 511 U.S. 1058, 114 S.Ct. 1624, 128 L.Ed.2d 349 (1994).

Torres' cause of action under Rule 41(e) accrued on April 30, 1992, the date his property was seized. Because Torres' claim was not filed until 1999—almost seven years after the seizure—his claim is barred by the statute of limitations. 28 U.S.C. § 2401(a).

In addition, Torres' claim to the items of personal property is barred by the doctrine of laches. Dismissal of a claim on the ground of laches requires that there be (1) unreasonable and unexcused delay in bringing the claim and (2) material prejudice to the non-movant as a result of the delay. *Potter Instrument Co. v. Storage Tech. Corp.,* 641 F.2d 190, 191 (4th Cir.1981).

In Jones' case, the Court found that a five-year delay in making a claim to items of personal property was unreasonable and unexcusable and also found material prejudice because the Government had destroyed or disposed of Jones' personal property some three years before he filed his claim. (Order filed Dec. 30, 1998, slip op. at 3.) The Court reasoned that "[a]n expectation that the Government should be forced to keep in its possession all property seized during arrests for an infinite time is wholly unrealistic and would be extremely prejudicial, and this Court is unwilling to penalize the Government for failing to do so." (*Id.*) Torres' motion to return specific items of personal property likewise must fail because he waited almost seven years to assert a claim and, furthermore, property records previously submitted by the Government show that such items were destroyed or liquidated more than three years ago. (Gov't's Resp. Mot. Return Property, Ex. A.)

The statute of limitations and the doctrine of laches will not prevent the Court from resolving the claim of ownership to the $266.00, however. As discussed above, Torres brought his claim for

the seized money in response to the Court's Order filed March 3, 1999, which related to the Motion for Return of Property filed by Jones. Jones filed his motion on June 6, 1997, before the six-year statute of limitations would have barred it, and, with regard to laches, the Court did not find that the Government would be materially prejudiced if ordered to return the $266.00. Therefore, Torres is entitled to the $266.00.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Torres has a rightful claim of ownership to the $266.00 that was seized at the time of the Defendants' arrest. Thus, the Court's Order of December 30, 1998, which ordered that the seized money be returned to Jones, must be modified such that the Government returns the money to Torres, not Jones. Torres' motion for the return of additional items of personal property—four beepers and a calculator—is barred by the statute of limitations and the doctrine of laches.

**NOW, THEREFORE, IT IS OR-DERED** that the Government's Motion for Reconsideration [document no. 81 (3:92–CR–153–1–P) ], which was held in abeyance, be, and hereby is, **GRANTED IN PART AND DENIED IN PART** as set forth above. The Court will modify its Order of December 30, 1998, only to the extent that the Government shall return the $266.00 to Defendant Torres, not Defendant Jones.

**IT IS FURTHER ORDERED** that Defendant Torres' Motion to Return Property Pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure [document no. 85 (3:92–CR–153–1–P), document no. 61 (3:92–CR–153–2–P) ] be, and hereby is, *GRANTED IN PART AND DENIED IN PART* as set forth above. *The Government shall promptly return to Defendant Torres money seized during his arrest in the amount of $266.00.*

The Clerk is directed to certify copies of this Order to Defendants Jones and Torres

and to Assistant United States Attorney Timika Shafeek.