**MIDDLETON v. WILEY et al.**

No. 14464.

United States Court of Appeals
Eighth Circuit.

April 8, 1952.

Nelson E. Johnson, Kansas City, Mo., for appellant.

Paul C. Sprinkle and Sprinkle, Knowles & Carter, Kansas City, Mo., for Sylvia Conway Wiley, appellee.

Before SANBORN, WOODROUGH and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is an action for an injunction and damages. It is based upon the claim that the defendants (appellees) infringed United States Letters Patent No. 2,129,778, issued to the plaintiff (appellant) September 13, 1938, for a "Liquid Cooling and Transporting System." The District Court, after a trial of the issues of infringement and damages, determined that the defendants were guilty of infringement, and granted the plaintiff the injunction prayed for, but awarded him only nominal damages. The plaintiff has appealed from so much of the judgment as granted him damages of $1.00. He contends that, under 35 U.S.C.A. § 70, he was entitled at least to compensatory damages "not less than a reasonable royalty" for the unauthorized use by the defendants of his patented invention.

There is no substantial dispute as to the material facts. The plaintiff was engaged in the manufacture of equipment for the cooling of draught beer. This equipment embodied the invention covered by the patent in suit. The defendant Sylvia Conway Wiley owned a building in Jackson County, Missouri, a portion of which was, for several years prior to the spring of 1951, used as a tavern in which draught beer was sold. On December 12, 1947, under a written agreement with Ray C. Stewart, who was then operating the tavern as a tenant of Mrs. Wiley, the plaintiff installed in it his patented equipment for the cooling of beer. As rental for this equipment, Stewart was to pay the plaintiff seventy-five cents a day for a period of 60 months. A brass plate was affixed to the equipment and a decalcomania was attached to the back bar of the tavern, showing that the cooling equipment was covered by the patent in suit. The plaintiff's equipment replaced some old refrigeration equipment be-

longing to Mrs. Wiley which the plaintiff, at the time he installed his equipment, thought belonged to Stewart. By the terms of the contract with Stewart, the equipment replaced and removed by the plaintiff was to belong to him. Mrs. Wiley knew of the installation of the plaintiff's cooling equipment. Stewart ceased operating the tavern shortly after the installation of the plaintiff's equipment and not later than May 9, 1948. Mrs. Wiley then took possession of the tavern, and its operation was conducted by her, or for her, from May 9, 1948, until February 28, 1951. The defendants Beauchamp managed the tavern for her from May 1, 1949, to February 28, 1951, upon a percentage of profits basis.

In May, 1948, the plaintiff notified Mrs. Wiley that his equipment was patented, that it was unlawful for her to use it, and that he wanted her to pay rent for it or to permit him to remove it. She refused to do either, giving as her excuse that the plaintiff had wrongfully removed her old cooling equipment. He had put a coin meter on his patented equipment as a means of collecting rent. She threatened to smash the coin meter unless he removed it. He opened it to save it from being destroyed, and she kept the money that was in it. The Beauchamps also refused to return the equipment to the plaintiff upon his demand or to pay rent for it.

Counsel for the plaintiff gave formal notice of infringement to Mrs. Wiley on September 16, 1949, by letter, and advised her that unless she discontinued the use of the patented equipment and delivered it to the plaintiff, an action for infringement would be brought against her. She and the Beauchamps continued to use the equipment.

The plaintiff brought this action on July 13, 1950. Upon the trial, his evidence showed that he had been deprived of the use of his patented equipment from May 9, 1948, to February 28, 1951, and that it had been used by Mrs. Wiley or by her and the Beauchamps jointly in the operation of the tavern during that period without payment of rent or royalties. The plaintiff's evidence also showed that a reasonable and the usual royalty for the use of such equip-

ment was seventy-five cents a day; and that the plaintiff had offered to restore Mrs. Wiley's former equipment, which was in his possession, but that he had refused to meet her demand that he reinstall and put it in operating condition.

The District Court's conclusions are stated in its opinion as follows:

"The use of the equipment by the defendants was an infringement of plaintiff's patent, for which they would be liable in damages. The defendants Beauchamp occupied the premises but a short period of time, and of course, would not be liable for any damages prior to the time they occupied the premises, and subsequent to their abandonment of it. What that period of time was, I am unable to accurately determine from the evidence.

"The plaintiff is entitled to the possession of his device. The legal question of ownership and restoration of the old equipment must be determined in another jurisdiction.

"From the very beginning the plaintiff knew that the defendant Wiley was declining to pay rent on his device; that she refused to return it until he had returned her own property and he could have obtained possession of it in a legal manner at any time he desired.

"I think it would be inequitable to assess damages against the defendants for all of the period of time the device has been installed in the building, particularly in view of the fact that the plaintiff has waited three years in which to bring this suit. The sum of 75¢ was the daily rental value of the device."

██ If the use of the plaintiff's equipment was worth 75¢ a day, as the court evidently found it was, the infringement of his patent rights by Mrs. Wiley from May 9, 1948, to February 28, 1951, damaged him to the extent of $768.75, for which amount he would be entitled to judgment against her. Since it appears from Mrs. Wiley's evidence that the Beauchamps (who did not see fit to defend against the plaintiff's claim) used the plaintiff's equip-

ment at least from May 1, 1949, to February 28, 1951, they as co-infringers would be liable jointly with Mrs. Wiley for $501.75 of the amount for which she is liable, according to our calculations.

Section 70 of 35 U.S.C.A., so far as pertinent, provides as follows:

"* * * upon a judgment being rendered in any case for an infringement the complainant shall be entitled to recover general damages which shall be due compensation for making, using, or selling the invention, not less than a reasonable royalty therefor, together with such costs, and interests, as may be fixed by the court. The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case.

\*      \*      \*      \*      \*      \*

"The court shall assess said damages, or cause the same to be assessed, under its direction and shall have the same power to increase the assessed damages, in its discretion, as is given to increase the damages found by verdicts in actions in the nature of actions of trespass upon the case; but recovery shall not be had for any infringement committed more than six years prior to the filing of the complaint in the action. * * *"

■ It is clear that, under the statute, recovery of compensatory damages for infringement of a patent is not a matter of judicial grace but of legal right, and that the damages awarded may not be less than a reasonable royalty.

■ The defendant Wiley asserts, in effect, that the plaintiff lost his right to damages because he waited too long to bring his action. But persistence in the unauthorized use of a patented invention is a continuing trespass, and mere delay in seeking redress cannot destroy the right of the patentee to compensatory damages. As this Court said in Drum v. Turner, 8 Cir., 219 F. 188, 198, "It is no defense to a suit for an injunction and an accounting on account of the continuing trespasses of an infringer that the latter has been trespassing on the rights of the owner of the

patent for years with impunity." See, also, Denominational Envelope Co. v. Duplex Envelope Co., Inc., 4 Cir., 80 F.2d 186, 194, and Hartford-Empire Co. v. Swindell Bros., Inc., 4 Cir., 96 F.2d 227, 233.

The statute provides that recovery shall not be had for any infringement committed more than six years prior to the filing of the complaint in the action. There is apparently no other period of limitations which may be invoked by an infringer to bar recovery. Hartford-Empire Co. v. Swindell Bros., Inc., supra, page 233 of 96 F.2d.

■ There is no basis in this case for applying the doctrine of laches. The effect of what the District Court has done is to punish the owner of the patent for failing to bring his action more promptly, and to forgive the trespasses of the infringers, who knowingly and deliberately were using for their own benefit the owner's patented equipment without authority, legal excuse or payment of royalty. We see nothing equitable in such a result.

■ The plaintiff suggests that this Court determine that he is entitled to three times the amount of his actual damages and to a reasonable attorney's fee. The discretion to increase damages and to allow attorney's fees is, by the applicable statute, vested in the District Court. See 40 Am. Jur., Patents, § 202; Van Kannel Revolving Door Co. v. Uhrich, 8 Cir., 297 F. 363, 369. The District Court will, in conformity with this opinion, have no difficulty in determining the plaintiff's actual damages. Whether he is, in addition, entitled to an increase in damages and an allowance of attorney's fees, the District Court, in the exercise of a sound judicial discretion, will have to determine.

Our conclusion is that the judgment, in so far as it denied the plaintiff compensatory damages, must be reversed, and the case remanded to the District Court with directions to award the plaintiff such damages and to determine whether the plaintiff, under the circumstances of this case, should be granted damages in excess of those which are compensatory and an allowance of attorney's fees. It is so ordered.