**MALONEY–CRAWFORD TANK CORPORATION, Plaintiff-Appellee,**

v.

**ROCKY MOUNTAIN NATURAL GAS CO., INC., Defendant-Appellant.**

**No. 73–1801.**

United States Court of Appeals, Tenth Circuit.

April 8, 1974.

402

Robert A. White, Houston, Tex., for defendant-appellant.

James R. Head, Tulsa, Okl., for plaintiff-appellee.

Before CLARK,* Justice, and HILL and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

Maloney-Crawford Tank Corporation (Maloney) brought this patent infringement action against Rocky Mountain Natural Gas Company (Rocky Mountain) to obtain damages for, and injunctive relief against, alleged infringement of United States Letters Patent Nos. 2,804,940 and 2,804,941.

The patents, a result of the necessity to dehydrate natural gas being transported in pipelines, involve an apparatus known as a calcium chloride dehydrator. It was designed to prevent gas from reacting with the water in the gas, thereby forming solid hydrates which plug the flow of gas in the pipeline.

The Fish Investment Corporation (Fish), a Delaware corporation operating out of Texas, is the owner of the patents. Appellee Maloney, a Delware corporation with its principal office in Oklahoma, holds the exclusive license to manufacture and sell the dehydrators. Appellant Rocky Mountain is a Colorado corporation with its principal place of business in that state.

In 1957, the patents were issued to A. J. L. Hutchinson, then an employee of Fish. A dispute arose as to the true ownership of the patents and Hutchinson instituted suit in Delaware state court. That court, in 1964, determined

* Honorable Tom C. Clark, Associate Justice, United States Supreme Court, Retired, sitting by designation.

Fish to be the owner of the patents and ordered Hutchinson to assign them to Fish. Hutchinson v. Fish Engineering Corp., 203 A.2d 53 (Del.Ch.1964). Hutchinson delayed doing so, and the assignment was not made until 1966.

In August, 1962, while title to the patents was still being litigated, Fish discovered that Sauder Tank Company, Inc. (Sauder), a Kansas corporation, was manufacturing and selling calcium chloride dehydrators to appellant. Sauder was notified of the possible infringement, but continued to manufacture and sell the dehydrators.[1]

Appellee, through mesne assignments, obtained the exclusive license to manufacture and sell the dehydrators in 1967. In 1968 appellee and Fish commenced a patent infringement action against Sauder. Originally brought in federal district court in Oklahoma, the action was transferred to Kansas. Sauder defended on the grounds, inter alia, that the patents were invalid, that there was no infringement, and that appellee was estopped to bring the action because of laches. The case eventually came before this court where we held the patents were valid and had been infringed. Maloney-Crawford Tank Corp. v. Sauder Tank Co., Inc., 465 F.2d 1356 (10th Cir. 1972).

While the Kansas suit was in progress appellee, in 1969, commenced the instant action in Colorado against appellant.[2] Following this court's decision in the *Sauder* case, appellant conceded the patents were valid but nonetheless claimed laches barred the suit. Appellee, on the other hand, argued the defense was inappropriate and alternatively was res judicata. Finding that appellant had not proved laches, the trial court entered judgment for appellee.

Appellant first contends the trial court erred in failing to apply the doctrine of laches because the seven year interval between first knowledge of the infringing sales and commencement of suit amounts to an inexcusable delay.

Initially, we note that mere delay or passage of time alone does not suffice to constitute laches in a patent infringement action. Jenn-Air Corp. v. Penn Ventilator Co., Inc., 464 F.2d 48 (3d Cir. 1972). Instead, two elements must be established: inexcusable delay in instituting suit, and prejudice to the defendant resulting from such delay. Potash Co. of America v. International Minerals & Chem. Corp., 213 F.2d 153 (10th Cir. 1954). And whether or not a delay is inexcusable must be determined by the particular facts of each case.

Appellant argues appellee's predecessors should have instituted suit when the infringement was first discovered. To bring a patent infringement action one must have title or grant to title. Waterman v. McKenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891). Since title to the patents, which belonged to Hutchinson, was in issue until 1964, any inaction on the part of Fish during that period of time was excusable. Taylor Engines, Inc. v. All Steel Engines, Inc., 192 F.2d 171 (9th Cir. 1951). Fish did not receive title to the patents until the assignment was made in 1966. Any delay subsequent to that time, on the part of appellee's predecessors, is chargeable to appellee.

There is no fixed period of time within which a patent infringement action must be brought. Title 35 U.S.C. § 286, although it establishes only a qualification or condition upon a right of recovery, provides some guidance. The statute states, in part:

Except as otherwise provided by law, no recovery shall be had for any infringement committed

---

1. During 1962–64, Sauder sold twenty-four dehydrators to appellant. Both knew of the possible infringement, and both knew title to the patents was then being litigated.

As an inducement to buy, Sauder agreed to indemnify appellant for any loss sustained as a result of liability in a patent infringement action.

2. Venue problems prevented a common trial of the cases.

more than six years prior to the filing of the complaint or counterclaim for infringement in the action.

Courts have held an analogous six year period should determine the validity of a laches defense. *See, e. g.,* Whitman v. Walt Disney Prod., Inc., 263 F.2d 229 (9th Cir. 1958); General Elec. Co. v. Sciaky Bros., Inc., 187 F.Supp. 667 (E.D. Mich.1960), aff'd 304 F.2d 724 (6th Cir. 1962). The delay in the instant case is well within the permissible time period.

The next argument, that appellee failed to overcome the presumption of injury to appellant, is without merit. Such a presumption arises only where the delay is unreasonable or inexcusable. Where an action is brought within the analogous limitation period, as was done here, the defendant bears the burden of showing circumstances requiring the application of laches. Jenn-Air Corp. v. Penn Ventilator Co., Inc., *supra.* It is not until after that length of time has passed that the delay is presumed to injure the defendant. Gillons v. Shell Co. California, 86 F.2d 600 (9th Cir. 1936), cert. denied, 302 U.S. 689, 58 S.Ct. 9, 82 L.Ed. 532. Even so, appellant contends it has been substantially injured. Our search of the record, however, reveals no evidence to support this argument.

Because neither inexcusable delay nor injury has been shown, we believe the trial court was correct in finding laches did not bar appellee's action.[3]

Finally, appellant contends recovery from Sauder in the Kansas suit will fully compensate appellee. The trial court did not decide the question of damages, but reserved the issue for future consideration. At this point it is unknown what damages or relief, if any, will be awarded. We therefore find it unnecessary to consider the issue at this time.

The judgment is affirmed.

---

3. Such a decision renders it unnecessary to consider appellee's res judicata argument.