**TWM MANUFACTURING CO., INC. and Turner Quick Lift, Plaintiffs-Appellants,**

v.

**DURA CORPORATION, Defendant-Appellee.**

**No. 77–1118.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 17, 1978.

Decided Feb. 16, 1979.

---

8. See *Gastineau v. Mathews, supra,* fn. 7.

Geoffrey R. Myers, Hall & Myers, Potomac, Md., James M. Baysinger, Bodman, Longley, Bogle & Dahling, Detroit, Mich., for plaintiffs-appellants.

W. Robert Chandler, Cross, Wrock, Miller & Vieson, Detroit, Mich., James Van Santen, William J. Morris, Hill, Gross, Simpson, Van Santen, Steadman, Chiara & Simpson, Chicago, Ill., for defendant-appellee.

Before EDWARDS, Chief Judge, MERRITT, Circuit Judge, and LAWRENCE,* District Judge.

---

* The Honorable Alexander A. Lawrence, Judge of the United States District Court for the Southern District of Georgia, sitting by designation.

MERRITT, Circuit Judge.

Plaintiff TWM, appeals from the entry of a summary judgment sustaining defenses based on the equitable doctrines of laches and estoppel in a patent infringement action. Plaintiff contends (1) that defendant Dura's infringement of the patent was deliberate and calculated, that the delay in bringing suit was in part caused by Dura, and that the balance of equities is sufficiently disputable to preclude summary judgment; and (2) that the district court erred in applying the doctrine of estoppel to foreclose injunctive relief and the recovery of damages subsequent to the filing of the complaint. We hold that the district court erred in granting summary judgment on the grounds of laches and estoppel. Accordingly, we reverse and remand the case for trial.

The patent (No. 3,285,621) was issued to Steven Turner, Jr. on November 15, 1966. He granted plaintiff an exclusive license. The infringement suit is about an inflatable air bag connected to heavy springs designed to lift and lower axles on truck trailers. The invention allows auxiliary wheels to be suspended above the road surface in order to avoid drag when a truck is carrying a light load and to be put in place on the road when carrying a heavy load.

The infringement action was filed in February 1973, eight years after a patent application was filed and the invention was disclosed to the defendant by letter; just over six years after the patent was issued and formal notice was given to the defendant that its similar air bag suspension device infringed the patent; just under six years after the defendant expressly rejected the claim of infringement; three years after the filing of a suit against TWM by a third party challenging the Turner patent's validity; and one year after that suit was settled.

## I. LACHES

The only statute of limitations involving patent infringement suits merely limits the period of recovery of damages to six years, not a patentee's right to maintain an action. Congress has provided that "every patent shall contain . . . a grant to the patentee . . . for the term of seventeen years . . . of the right to exclude others from making, using, or selling the invention." 35 U.S.C. § 154 (1976). During this time, "a patentee shall have remedy by civil action for infringement." 35 U.S.C. § 281 (1976). Courts may enforce patent rights by granting "injunctions in accordance with the principles of equity . . . on such terms as the court deems reasonable," and by awarding "damages adequate to compensate for the infringement." 35 U.S.C. §§ 283, 284 (1976). The statute of limitations provides that "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint . . . .." 35 U.S.C. § 286 (1976).

Since the statute limits only the period for recovery of damages, courts employ the traditional, equitable doctrine of laches for determining the timeliness of infringement actions. Courts use the six year statutory period for damages, however, as a frame of reference for the application of the doctrine.[1] This is consistent with normal equity practice which considers the passage of time equivalent to a comparable statute of limitations as presumptive of laches.[2]

Using the six-year statutory period for recovery found in 35 U.S.C. § 286, courts have established the principle in patent cases that delay in filing suit longer than six years after notice of infringement creates a presumption of laches.[3] Such a delay

---

1. *General Electric Co. v. Sciaky Bros. Inc.,* 304 F.2d 724, 727 (6th Cir. 1962); *Maloney-Crawford Tank Corp. v. Rocky Mountain Natural Gas Co., Inc.,* 494 F.2d 401, 403–04 (10th Cir. 1974); *Whitman v. Walt Disney Productions, Inc.,* 263 F.2d 229, 231 (9th Cir. 1958).

2. Note *Developments in the Law—Statutes of Limitations,* 63 Harv.L.Rev. 1177, 1184 (1950).

3. *Maloney-Crawford Tank Corp. v. Rocky Mountain Natural Gas Co., supra* note 1; *Continental Coatings Corp. v. Metco, Inc.,* 464 F.2d

is presumed to be unreasonable, and the defendant is presumed to have been prejudiced.[4] The plaintiff will be barred from seeking past damages by laches unless he can (1) rebut the presumption of prejudice;[5] (2) rebut the presumption of unreasonable delay by showing a good excuse for the delay;[6] or (3) show that the infringer has engaged in particularly egregious conduct which would change the equities significantly in plaintiff's favor.[7] We must keep in mind, however, that laches is an equitable doctrine with its origin in the conscience of the chancellor, not in the common law rules of the King's Bench or Court of Common Pleas.

■■■ We agree with the district court's finding of fact that the period of delay in this case began to run from the notice of infringement given to defendant on December 19, 1966, six years and two months before plaintiff brought this infringement suit. The lower court was, therefore, correct in finding that a presumption of prejudice exists since the period of delay exceeds the comparable six-year statute of limitations. We also agree with the lower court's opinion that the other litigation involving the same patent but a different adversary should not toll the running of the laches period or defeat the defense—with the qualifications outlined below concerning plaintiff's claim that the defendant sponsored the other litigation for purposes of harassment. We, therefore, agree that the plaintiff has rebutted neither the presumption of prejudice nor the presumption of unreasonable delay.

Our disagreement with the district court arises from the fact that plaintiff charges and has come forward with some evidence that the defendant has engaged in egregious conduct. He has made some showing that defendant's infringement was the result of deliberate, calculated plagiarism. Plaintiff offers proof which at trial may be found to support its position that the defendant, upon receiving information about the Turner invention in 1965, contrived with a consultant or employee to copy the invention and, in fact, copied it. Plaintiff additionally offers proof that defendant initiated or sponsored the litigation by a third party challenging the validity of the Turner patent in order to harass plaintiff and to keep the patent's validity in question while defendant developed and sold its competing product. If the plaintiff can prove these claims of plagiarism and harassment at trial, the equities would not favor defendant's claim of laches.[8]

Since the district court did not discuss or make findings on the issues of plagiarism and harassment, issues intimately tied to the question of infringement, we believe that the case should proceed to trial on the merits. If either of these issues is resolved against the defendant, the district court should not sustain the defense of laches. Only if both issues are resolved against the plaintiff should the district court sustain the defense.

## II. ESTOPPEL

■■■ Laches alone does not foreclose a plaintiff's right in an infringement action

---

1375 (7th Cir. 1972) (opinion by Judge, now Mr. Justice Stevens).

4. *General Electric Co. v. Sciaky Bros, supra* note 1 at 727; *Continental Coatings v. Metco, supra* note 3 at 1378.

5. *E. g., Maloney-Crawford Tank Corp. v. Rocky Mountain Natural Gas, supra* note 1 at 404.

6. *E. g., American Home Prod. Corp. v. Lockwood Mfg. Co.,* 483 F.2d 1120 at 1122–24 (6th Cir. 1973), *cert. denied* 414 U.S. 1158, 94 S.Ct. 917, 39 L.Ed.2d 110 (1974).

7. *Baker v. Simmons Co.,* 307 F.2d 458, 466 n. 4 (1st Cir. 1962); *Potash Co. v. Int'l Minerals &*

*Chem. Corp.,* 213 F.2d 153, 155 (10th Cir. 1954); *Middletown v. Wiley,* 195 F.2d 844, 847 (8th Cir. 1952); *France Mfg. Co. v. Jefferson Electric Co.,* 106 F.2d 605, 609 (6th Cir. 1939), *cert. denied* 309 U.S. 657, 60 S.Ct. 471, 84 L.Ed. 1006 (1940); *MY–T Fine Corp. v. Samuels,* 69 F.2d 76, 77 (2d Cir. 1934). *See also Holmberg v. Armbrecht,* 327 U.S. 392, 396, 66 S.Ct. 582, 90 S.Ct. 743 (1946); *Gruca v. United States Steel Corp.,* 495 F.2d 1252, 1259–60 (3d Cir. 1974); *Marcee v. United States,* 455 F.2d 527, 197 Ct.Cl. 363 (1972).

8. *See* note 7 *supra.*

to an injunction and damages after the filing of the suit. Only by proving the elements of estoppel may a defendant defeat such prospective relief.[9] To work an estoppel, defendant must normally show, in addition to laches, that he was misled in some fashion by the plaintiff. The difference between laches and estoppel is well set out in the Seventh Circuit's opinion in *Advanced Hydraulics, Inc. v. Otis Elevator Co.*, *supra* note 9, in which the late Mr. Justice Clark said:

> . . . where "deferment of action to enforce claimed rights is prolonged and inexcusable and operates to defendant's material prejudice", laches is "an effectual bar" to recovery. [Citation omitted.]
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> Estoppel, on the other hand, . . . "arises only when one has so acted as to mislead another and the one thus misled had relied upon the action of the inducing party to his prejudice." [Citation omitted.]

*Id.* at 479–80. The elusive doctrine of equitable estoppel at least requires representations or conduct which justify an inference of abandonment of the patent claim or that the plaintiff has induced the infringer to believe that its "business would be unmolested."[10] For silence to work an estoppel, some evidence must exist to justify an inference that the silence was sufficiently misleading to amount to "bad faith."[11]

We reverse the entry of summary judgment on grounds of estoppel for three reasons.

First, as we have already noted, plaintiff has raised the issue of defendant's entitlement to the defense of laches due to the unresolved question of defendant's alleged inequitable conduct. If proven, this misconduct may also defeat defendant's use of the equitable defense of estoppel.[12] The district court must therefore weigh this conduct in balancing the equities on the question of defendant's entitlement to this defense.

Second, even if the defendant's conduct does not bar its entitlement to the defense of estoppel, the district court must alter the standard by which it examines this defense. The lower court based its finding of estoppel on the fact that plaintiff had not objected to the alleged infringement for a substantial period of time. It said:

> The plaintiff clearly knew of the possible infringement of the defendant in late 1966. After defendant advised the plaintiff of its opinion of the invalidity of the Turner Patent, the plaintiff refrained from any action for a substantial period of time. *The defendant was thus justified in proceeding on the supposition that the plaintiff had either acquiesced in its opinion of invalidity or that the plaintiff was abandoning its position.* (Emphasis added.)

This is an inadequate basis for a finding of estoppel, since, as we have stated, estoppel requires more than mere silence. The record does not disclose, and the district court does not point to, any misrepresentations, affirmative acts of misconduct, or intentionally misleading silence by the plaintiff. Such findings are necessary in order to establish an estoppel.[13]

Third, the district court was clearly erroneous in finding as an indisputable fact on summary judgment that the defendant was "justified in proceeding on the supposition that the plaintiff had either acquiesced in its opinion of invalidity or that the plaintiff

---

9. *Advanced Hydraulics, Inc. v. Otis Elevator Co.*, 525 F.2d 477, 479–80 (7th Cir.), *cert. denied*, 423 U.S. 869, 96 S.Ct. 132, 46 L.Ed.2d 99 (1975); *Continental Coatings v. Metco, supra* note 3 at 1379–80.

10. *Continental Coatings v. Metco, supra* note 3 at 1380.

11. *Cf. Walter Bledsoe & Co. v. Elkhorn Land Co.*, 219 F.2d 556, 559 (6th Cir. 1955) (Silence, to work an estoppel in a suit for unpaid rents and royalties, must amount to bad faith.). *See also* Note, *Developments in the Law—Statutes of Limitations*, 63 Harv.L.Rev. 1177, 1222–24 (1950).

12. *See* note 7 *supra*.

13. *See* notes 10, 11 *supra*.

was abandoning its position." The record before the district court on summary judgment, and now before us, suggests that the defendant attentively followed the course of the other litigation involving the Turner patent even if it did not sponsor it. The record suggests that the defendant was aware that plaintiff was defending its rights under the patent in the other litigation. If this is indeed the case, based on its knowledge of plaintiff's position, defendant was not "justified" in believing that "the plaintiff was abandoning its position." We believe the facts on this question are sufficiently disputable as to render the entry of summary judgment inappropriate.

Accordingly, we reverse the district court's entry of summary judgment and remand the case for trial on the merits of plaintiff's claims. At trial, the district court should consider defendant's equitable defenses according to the standards set forth in this opinion. Costs of appeal are taxed to appellee.