TANDY CORPORATION,
Plaintiff-Appellant,

v.

MALONE & HYDE, INC.,
Defendant-Appellee.

No. 84–5277.

United States Court of Appeals,
Sixth Circuit.

Nov. 26, 1985.

Before MERRITT and CONTIE, Circuit Judges, and KINNEARY,* District Judge.

## ORDER DENYING PETITION FOR REHEARING EN BANC

Counsel for defendant has filed a strongly worded en banc petition criticizing the Court with a heavy hand for adopting "with great fanfare," according to the petition, the principle that the law presumes that in a suit in equity for trademark infringement the laches period will be the limitations period otherwise applicable to an analogous action at law, absent extraordinary circumstances. The cases cited by defendant do not stand for a contrary proposition. For example, this Court's two opinions in *TWM Mfg. Co. v. Dura Corp.*, reported at 592 F.2d 346 (1979), and 722 F.2d 1261, 1268 (1983), support the principle adopted in the instant case rather than a contrary principle as claimed by defendants in the petition. In *Dura* we called the bar's attention to the "normal equitable practice which considers the passage of time equivalent to a comparable statute of limitations as presumptive of laches," 592 F.2d at 348. We also said, "to defeat prospective relief, Dura must prove the elements of equitable estoppel," 722 F.2d at 1268.

Among the cases which actually meet and discuss the question of the effect of an

* The Honorable Joseph P. Kinneary, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

analogous legal limitations period on laches, the Court finds no case which rejects the principle adopted. Counsel suggests no alternative principle other than leaving the cutoff period to the complete discretion of the trial court. For good reason, the law does not favor subjective judgments of this type incapable of review.

The petition also criticizes the Court for not giving sufficient weight to the claim that defendant is a large company which has invested large amounts of capital to open new stores across the country under the challenged trade name. The defendant argues that these large expenditures of capital, together with the 32 months delay, should be sufficient to invoke laches.

Equity does not normally favor the wealthy or those who can make large investments over those whose investments are small. The expenditure of large sums of money to appropriate another's trade name is no more justifiable in the eyes of the law than the expenditure of small sums to appropriate another's trade name. The law does not permit a court to refuse to reach the merits of a case by applying laches because a party is capable of spending large sums in the pursuit of the course of conducts that is alleged to constitute the wrong.

In addition, if on the merits it should be determined that the defendant has appropriated plaintiff's trade name, defendant will not necessarily lose its investment as defendant suggests. A simple change of name is a possible remedy. Such a remedy should not produce any substantial waste of economic resources already invested by the defendant. Therefore, defendant's invested capital argument is not entitled to much weight.

Therefore, as previously pointed out in the Court's opinion, 769 F.2d 362, the defendant's laches argument must fail and the case must be remanded to the District Court for further trial proceedings.

A majority of the court having not voted in favor of an en banc rehearing, the petition for rehearing has been referred to the hearing panel for disposition.

Upon consideration, it is ORDERED that the petition for rehearing be and hereby is denied.