**SCI SYSTEMS, INC., Plaintiff,**

v.

**SOLIDSTATE CONTROLS,
INC., Defendant.**

No. C-2-86-971.

United States District Court,
S.D. Ohio, E.D.

May 1, 1990.

On Motion For Certification of
Interlocutory Appeal Oct. 9, 1990.

Edwin M. Baranowski, Porter, Wright, Morris & Arthur, Columbus, Ohio, for plaintiff.

Philip Albert Brown, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

HOLSCHUH, Chief Judge.

This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the

common law in connection with the defendant's alleged wrongful use of plaintiff's registered trademark "SCI". This matter is before the Court on various motions of the parties including defendant's motion for summary judgment on the grounds of laches and estoppel. The parties request an oral hearing on the motion.

## I.

■ Rule 56(c), Fed.R.Civ.P., provides that "[t]he [summary judgment] motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits." The term "hearing," however, does not necessarily mean oral hearing. *Finn v. Gunter*, 722 F.2d 711, 712 n. 3 (11th Cir.1984); *Moore v. State of Florida*, 703 F.2d 516, 519 (11th Cir.1983). If the adverse party is given the ten-day notice and is afforded an opportunity to submit materials in opposition to the motion, the party has been heard within the meaning of Rule 56. *Moore v. State of Florida*, 703 F.2d at 519 (*quoting Kibort v. Hampton*, 538 F.2d 90, 91 (5th Cir.1976)). In this case, the parties have already submitted extensive briefing on the motion. The Court does not believe that an oral hearing is necessary to rule upon defendant's motion for summary judgment; accordingly, the parties' requests for a hearing are DENIED.

## II.

Plaintiff, SCI Systems, Inc., is a Delaware corporation with its principal offices located in Huntsville, Alabama. Plaintiff's name was originally "Space Craft, Inc." until it officially changed its name to SCI Systems, Inc. in June of 1969. Plaintiff is the owner of U.S. trademark registration No. 1,119,950 for the trademark "SCI" which was issued on June 12, 1979. This particular trademark is composed of simply the capital letters "SCI" although plaintiff asserts that it had used these letters from time to time since 1969 within a rectangular "box" and has always used the colors blue and white in the presentation of its trademark. Plaintiff maintains that it has used "SCI" as its trademark and service mark continuously since at least July, 1961 in connection with a variety of electrical and electronic goods including electrical power supplies and in connection with engineering services which it provides. Plaintiff contends that since 1969 it has used the mark "SCI" as a part of its corporate name and as a prominent part of the corporate names for several of its subsidiaries. The complaint alleges that defendant has advertised and displayed its goods at the same trade shows as plaintiff and has publicized its use of "SCI" in the same channels of trade in connection with electrical power supplies and related electrical products and is thereby infringing on plaintiff's registered trademark. Plaintiff contends that such infringement on the use of the mark "SCI" has created a likelihood of, and actual, confusion and mistake or deception of customers.

Defendant, Solidstate Controls, Inc., a Delaware corporation with its principal place of business in Columbus, Ohio, manufacturers and sells electrical power control equipment and is the owner of U.S. trademark registration No. 860,043 for "SCI and design" which was issued on November 12, 1968. This trademark is made up of the capital letters "SCI" surrounded by a box design including two triangles, a circle and another larger circle with an "x" in it (hereinafter referred to as the "arrows" design or logo). Defendant contends that it has continuously used the trademark "SCI" since at least February 1962 and on or in association with its uninterruptible power systems since at least October, 1962. On March 29, 1983, defendant applied to register the trademark "SCI," which consisted of simply the capital letters "SCI," for its uninterrupted power apparatus goods; on April 3, 1984 defendant's "SCI" mark was published for opposition. On April 30, 1984, the plaintiff filed a notice of opposition to the registration, thereby objecting to defendant's use of the unadorned mark "SCI".

Defendant maintains that plaintiff knew of defendant's use of the "SCI" mark since at least November 17, 1969 when plaintiff's

counsel sent a letter to defendant which read as follows:

> We represent Space Craft, Inc. which does business under the trademark SCI.
>
> It has recently come to our client's attention that you are doing business under that trademark and that substantial confusion among customers is or is likely to occur among our client's customers. Our client has been doing business in Ohio for some time.
>
> Unless you give us your immediate assurance that you will promptly cease and desist from using the trademark SCI, we will be forced to institute legal action against you.

Exhibit 6 to defendant's motion for summary judgment. Defendant's counsel responded to plaintiff's warning on November 25, 1969 as follows:

> Our client, Solidstate Controls Inc., has referred your letter of November 17, 1969 to us.
>
> Please be advised that the trademark "SCI" is registered to our client on the Principal Register in the United States Patent Office under the Trademark Act of 1946.

Defendant's exhibit DX–23 to reply memorandum. Defendant contends that because plaintiff knew of defendant's use of the SCI mark since at least 1969 but did not bring this action until 1986, defendant is entitled to summary judgment on the grounds of laches and estoppel.

### III.

Summary judgment is as appropriate in a trademark infringement case as in any other case and should be granted or denied on the same principles. *WSM, Inc. v. Tennessee Sales Co.*, 709 F.2d 1084, 1086 (6th Cir.1983).

Fed.R.Civ.P. 56(c) provides:

> [Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original); *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir.1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, ... [and where] no genuine issue remains for trial, ... [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Sys.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962) (quoting *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944)); *accord County of Oakland v. City of Berkley*, 742 F.2d 289, 297 (6th Cir.1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (footnote omitted); *accord Adams v. Union Carbide Corp.*, 737 F.2d 1453, 1455–56 (6th Cir.), *cert. denied*, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1984). Inferences to be drawn from the

underlying facts contained in such materials must also be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Ass'n,* 630 F.2d 1155, 1158 (6th Cir.1980). Additionally, "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. *Adickes,* 398 U.S. at 157–60, 90 S.Ct. at 1608–10.

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

## IV.

■ Defendant's allegations of laches and estoppel are distinct concepts. Laches amounts to an unreasonable delay in enforcing one's rights whereas estoppel requires a finding of some affirmative conduct by the plaintiff. A finding of laches prevents a plaintiff from recovering damages for infringement that occurs prior to the filing of an action, *MGA, Inc. v. Cen-tri–Spray Corp.,* 699 F.Supp. 610, 612 (E.D.Mich.1987); whereas estoppel forecloses a plaintiff from obtaining injunctive relief. *Tandy Corp. v. Malone & Hyde, Inc.,* 769 F.2d 362, 366 n. 2 (6th Cir.1985), cert. denied, 476 U.S. 1158, 106 S.Ct. 2277, 90 L.Ed.2d 719 (1986); *TWM Manufacturing Co. Inc. v. Dura Corp.,* 592 F.2d 346, 349–50 (6th Cir.1979), *cert. denied,* 479 U.S. 852, 107 S.Ct. 183, 93 L.Ed.2d 117 (1986).

■ The question of laches is primarily addressed to the discretion of the trial court. *Czaplicki v. Hoegh Silvercloud,* 351 U.S. 525, 534, 76 S.Ct. 946, 951, 100 L.Ed. 1387 (1956). Laches arises from an unreasonable delay in enforcing one's rights which materially prejudices the alleged infringer. A plaintiff, however, is entitled to some latitude to assess the impact of another's use of an allegedly infringing trademark and the wisdom of pursuing litigation on the issue; there is a strong presumption that plaintiff's delay is reasonable so long as the analogous statute of limitations has not elapsed. *Tandy Corp.,* 769 F.2d at 356–66. In this infringement action, the analogous Ohio law is the two-year statute of limitations for injury to persons and personal property found in Ohio Rev.Code § 2305.10. *Ameritech, Inc. v. American Information Technologies Corp.,* 811 F.2d 960, 963 (6th Cir.1987). The presumption of reasonableness vanishes, however, and a presumption of laches arises once that two-year period has expired. *TWM Manufacturing Co. Inc.,* 592 F.2d at 348; *Tandy Corp.,* 769 F.2d at 365–66; *General Electric Co. v. Sciaky Bros., Inc.,* 304 F.2d 724, 727 (6th Cir.1962). Plaintiff is barred from recovering damages for infringement once the statutory period expires unless plaintiff can rebut the presumption of prejudice; rebut the presumption of unreasonable delay; or show that the infringer has engaged in particularly egregious conduct which would change the equities significantly in plaintiff's favor. *TWM Mfg. Co. Inc.,* 592 F.2d at 349.

■ A finding of laches alone, however, is not enough to foreclose prospective relief

in an infringement action. To defeat a suit for injunctive relief, a defendant must also prove elements of estoppel which requires more than a showing of mere silence on the part of a plaintiff; defendant must show that it had been misled by plaintiff through actual misrepresentations, affirmative acts of misconduct, intentional misleading silence, or conduct amounting to virtual abandonment of the trademark. *Id.* at 350; *Tandy Corp.,* 769 F.2d at 366 n. 2.

Defendant contends that even assuming that plaintiff had trademark rights to assert, plaintiff's opportunity to assert those rights expired years ago and that therefore plaintiff's infringement action is barred by the doctrines of laches and estoppel. Defendant argues that plaintiff should have brought this action within two years from November 17, 1969 when plaintiff's counsel threatened defendant with legal action.

Plaintiff, on the other hand, argues that laches and estoppel do not apply in this case due to the doctrine of progressive encroachment. Plaintiff maintains that defendant has only recently departed from the business practices which had allowed the parties to co-exist peaceably for many years, and that defendant has only recently encroached on plaintiff's rights. Plaintiff maintains that in 1969, when plaintiff wrote the warning letter to defendant, and after defendant replied by citing its registration of the "arrows" logo, plaintiff found it unnecessary to pursue the infringement matter further because it learned that defendant was selling exclusively in the electrical power equipment market of which plaintiff was not a part. This, coupled with the lack of actual confusion between the parties at that time, led plaintiff to believe that it could not then stop defendant's use of the mark.

Plaintiff asserts that it was not until the 1980's when defendant entered into the data processing market, of which plaintiff had been a part for many years, by offering uninterruptible power supplies specially designed for use with data processing equipment, in particular defendant's Powerbase 2000 first shown in 1982, that actual confusion between the companies devel-

oped. It was not until this time, plaintiff contends, that the defendant changed its color scheme and its trademark presentation significantly which brought its usage of the mark "SCI" much closer to plaintiff's use. Specifically, plaintiff alleges that defendant changed its color scheme from red and gray to blue and white and dropped the distinctive "arrows" design and began using "SCI" either unadorned or with a box around it. Plaintiff maintains that defendant's attempt to register the unadorned "SCI" mark was the final step culminating defendant's progressive encroachment on plaintiff's trademark rights and that plaintiff immediately filed an opposition to the registration in the spring of 1984 and asked defendant to stop all use of the mark. Plaintiff contends that thereafter settlement negotiations were ongoing until impasse was reached in the spring of 1986. Plaintiff filed this suit on April 2, 1986.

■■■ The Court agrees with the plaintiff that in a case of progressive encroachment, laches may be no defense. Changes in a mark over the years and recent entry into the same marketing area can defeat a defense of laches. *Prudential Insurance Co. v. Gibraltar Financial Corporation,* 694 F.2d 1150, 1154 (9th Cir.1982), *cert. denied,* 463 U.S. 1208, 103 S.Ct. 3538, 77 L.Ed.2d 1389 (1983).

■■ The Court finds no merit in defendant's argument that the doctrine of progressive encroachment does not apply after a threat of suit has been given. Defendant appears to argue that once plaintiff threatened defendant with legal action, plaintiff was bound to bring such action within two years. The Court disagrees. Plaintiff's 1969 warning letter to defendant was just that—a warning. Plaintiff has conceded that in 1969 when the parties exchanged the letters relating to their respective trademarks, defendant's use of "SCI" was not particularly objectionable because defendant's mark was encased in the distinctive "arrows" design, defendant utilized colors other than blue and white, and defendant was not in the data processing market. Plaintiff did not regard the situa-

tion as requiring active interference until defendant entered the data processing market, changed its colors to blue and white, and began using an unadorned "SCI" or simply placed a box around the letters. A course of progressive encroachment "does not tend to arouse hostile action until it is fully developed." *O. & W. Thum Co. v. Dickinson*, 245 F. 609, 623 (6th Cir.), *cert. denied*, 246 U.S. 664, 38 S.Ct. 334, 62 L.Ed. 928 (1917); *Independent Nail & Packing Co., Inc. v. Stronghold Screw Products, Inc.*, 205 F.2d 921, 927 (7th Cir.), *cert. denied*, 346 U.S. 886, 74 S.Ct. 138, 98 L.Ed. 391 (1953); *Standard Oil Co. v. Standard Oil Co.*, 252 F.2d 65, 77 (10th Cir.1958). The encroachment was not fully developed, according to plaintiff, until defendant attempted to register the unadorned "SCI" mark. Plaintiff then took action by timely filing objections to such registration. Under such circumstances, the Court cannot say that defendant can shield itself behind a charge of laches. *See O. & W. Thum Co. v. Dickinson*, 245 F. at 623.

■ An examination of the exhibits presented by the parties indicates that defendant's use of the "SCI" mark has changed over the years. Defendant has expanded its line and entered into new marketing areas; it has changed the appearance of its mark through presentation changes in design and color. The Court, however, is not addressing the equities or the merits of the underlying dispute in this lawsuit; the Court does not herein address the issue of whether defendant was within its rights to make such changes. The Court in this order merely finds that defendant is not entitled to summary judgment on the defense of laches. Accordingly, defendant's motion for summary judgment must be denied.

## V.

Plaintiff's motion for the setting of an early trial date and for further relief is DENIED. Discovery is not yet complete in this case, and although the Court will set the trial date in this case as soon as possible, such scheduling is impractical at this stage in the proceedings.

## CONCLUSION

In sum, the parties' motions for a hearing on defendant's motion for summary judgment are DENIED; defendant's motion for summary judgment is DENIED; plaintiff's motion for setting an early trial date is DENIED.

IT IS SO ORDERED.

## MEMORANDUM AND ORDER

## ON MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

This matter is before the Court on defendant's motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) of this Court's order dated May 1, 1990 which denied defendant's motion for summary judgment.

Defendant moved for summary judgment on the grounds that laches and estoppel bar plaintiff's trademark infringement claim. In support of this argument defendant relied principally on a letter sent by plaintiff's counsel to defendant on November 17, 1969, in which plaintiff demanded that defendant cease and desist its use of the trademark SCI and threatened to take legal action. In response to defendant's motion for summary judgment plaintiff argued that defendant made material changes in its mark over the years following the letter which progressively encroached upon plaintiff's rights. The Court denied defendant's motion, holding that under the circumstances of this case the doctrine of progressive encroachment may preclude a defense of laches.

Defendant now moves the Court to certify its ruling for interlocutory appeal. Specifically, defendant argues that the following two controlling issues of law are presented and should be reviewed by the court of appeals:

1. Whether a letter which threatens legal action unless the addressee promptly ceases and desists from further use of a trademark, initiates the "time of the event" rule in tort actions such that a cause of action accrues and the analogous statute of

limitations in support of a laches defense begins to run; and

2. Whether, in a trademark infringement matter where litigation has been threatened, the application of the rule of progressive encroachment is limited to those circumstances in which the "discovery" rule for tort cases applies and the statute of limitations has been tolled.

Defendant's position is that, notwithstanding the doctrine of progressive encroachment, the 1969 letter started the running of the analogous statute of limitations, and since plaintiff's complaint was filed beyond that limitations period the trademark claim is barred by laches. Defendant asserts that "there is substantial ground for disagreement as to the legal effect of the November 27, 1969 letter," and that the Court's statement that the letter was "a warning" may be inconsistent with the "time of event" and "discovery" rules adopted for tort actions in *Hicks v. Hines, Inc.*, 826 F.2d 1543 (6th Cir.1987). Plaintiff opposes defendant's motion for certification of interlocutory appeal, arguing that there are no controlling questions of law as to which there is substantial ground for difference of opinion.

The parties continue to dispute the holding in *Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362 (6th Cir.1985). Defendant essentially argues that *Tandy Corp.* adopted a *per se* rule that a claim is barred by laches after the analogous statute of limitations has run. Plaintiff argues that *Tandy Corp.* did not adopt such a *per se* rule. As indicated in this Court's earlier order, the Court believes that *Tandy Corp.* did not adopt any *per se* rule of the type suggested by defendant. Rather, *Tandy Corp.* clearly speaks in terms of presumptions: for purposes of laches, a claim will be presumed to have been brought within a reasonable time if brought within the analogous statute of limitations period; on the other hand, if the analogous limitations period has elapsed, a claim brought thereafter will be presumptively barred by laches. *Tandy Corp.*, 769 F.2d 365–66. The presumption in either case may be rebut-

ted, as is clear from the opinion in *Tandy Corp.* as well as from the Sixth Circuit's earlier decision in *TWM Mfg. Co. v. Dura Corp.*, 592 F.2d 346 (6th Cir.1979).

Therefore, even if, as defendant argues, the 1969 letter commenced the running of the analogous statute of limitations period (under a "time of event" rule or a "discovery" rule), this would not conclusively determine the laches issue. While a presumption would arise that plaintiff's trademark action for damages was barred by laches, that presumption would be subject to rebuttal by the plaintiff. Plaintiff relies on a theory of progressive encroachment, which, as this Court recognized, may defeat a defense of laches. *See Prudential Ins. Co. v. Gibraltar Financial Corp.*, 694 F.2d 1150, 1154 (9th Cir.1982), *cert. denied*, 463 U.S. 1208, 103 S.Ct. 3538, 77 L.Ed.2d 1389 (1983). The Court also found that the exhibits presented by the parties indicate that defendant's use of the trademark SCI has changed over the years. In view of the evidence offered in support of plaintiff's progressive encroachment argument, the Court concluded that defendant was not entitled to summary judgment on the ground of laches.

This decision, from which defendant desires to pursue an interlocutory appeal, was based upon the particular facts and circumstances presented in connection with defendant's motion, and, in the Court's view, the decision did not depend upon a controlling question of law as to which there is substantial grounds for difference of opinion. The Court previously indicated that the question of laches is primarily addressed to the discretion of the trial court. *See Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 534, 76 S.Ct. 946, 951, 100 L.Ed. 1387 (1956); *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1268 (6th Cir. 1983). As the party moving for summary judgment the defendant had the burden of establishing that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56. Relying upon the laches defense, defendant had the burden to show unreasonable delay by plaintiff in enforcing its rights which materially prejudiced

defendant. Based upon the evidence presented, including the evidence presented by plaintiff in support of its progressive encroachment argument, the Court concluded that genuine issues of material fact remain on the questions pertinent to the laches defense, *i.e.,* the reasonableness of any delay by plaintiff and the resulting prejudice to defendant. The Court therefore found that defendant's motion for summary judgment on the ground of laches was without merit, and the Court is not satisfied that an immediate appeal from that fact-specific decision would materially advance the ultimate termination of this litigation.

In its motion for interlocutory appeal defendant indicates in a footnote that, in connection with the laches defense, "[i]f the Court has concluded ... that there is a question of fact to be pursued on the merits at trial, defendant will withdraw the motion." As previously indicated, defendant's motion for summary judgment was denied because defendant failed to establish the lack of a genuine issue of material fact and to show that the plaintiff's trademark claim is barred by laches as a matter of law. Whether or not a particular claim is barred by laches necessarily depends upon the particular facts and circumstances which bear on the issues of the reasonableness of any delay and the extent of prejudice to the party invoking the laches defense. Although defendant's motion for summary judgment was denied, the ultimate determination on the laches defense has obviously not been made at this point, and the Court does not believe that anything it its prior order would indicate otherwise. In that order the Court specifically stated that it was "not addressing the equities or the merits of the underlying dispute in this lawsuit" and was also not addressing "whether defendant was within its rights to make ... changes" in its use of the mark SCI.

In short, factual issues relevant to the laches issue do remain for trial, including whatever facts bear on the running of the analogous statute of limitations as well as the facts on which plaintiff relies in support of its argument that defendant pro-gressively encroached upon plaintiff's trademark rights. With this understanding it may or may not be defendant's desire to withdraw the motion for interlocutory appeal. However, the Court does find in any event, because the determination of laches is essentially fact specific, and because the order from which defendant desires to appeal was simply a denial of summary judgment under Rule 56 on account of the existence of genuine issues of material fact relevant to the laches question, the motion to pursue an interlocutory appeal at this time is without merit.

For the foregoing reasons, defendant's motion for certification of interlocutory appeal is DENIED.

IT IS SO ORDERED.